**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ELLIOT SIEGAL,

                              Plaintiff,

—against—

YAAKOV MILSTEIN, AVROHOM Y. SOROTZKIN and J. SYNERGY GREEN, INC.,

                              Defendants.

Case No: 2:21-cv-04032-JS-SIL

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION PURSUANT TO 9 USC § 4 OR IN THE ALTERNATIVE TO DISMISS PURSUANT TO RULE 12(b)(1).**

/s/ Bryce Jones
**T. Bryce Jones, Esq.**
**Jones Law Firm P.C.**
1270 Avenue of the Americas
Seventh Floor
New York, NY 10020
Telephone: (212) 258-0685
Bryce@joneslawnyc.com

*Attorney for YAAKOV MILSTEIN, AVROHOM Y. SOROTZKIN and J. SYNERGY GREEN, INC*

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................ iii

STATEMENT OF FACTS ..................................................................................................1

PRELIMINARY STATEMENT .........................................................................................1

ARGUMENT .......................................................................................................................2

    I.    THE PARTIES HAVE A BINDING WRITTEN ARBITRATION AGREEMENT IN THIS MATTER ........................................................................2

    II.    IN THE ALTERNATIVE, THIS COURT SHOULD APPLY NEW YORK STATE LAW AND ENFORCE THE PARTIES' ORAL AGREEMENT TO ARBITRATE ...................................................................................................4

    CONCLUSION.........................................................................................................5

# TABLE OF AUTHORITIES

# Cases

Basis Yield Alpha Fund v. Goldman Sachs Grp., Inc.

   2014 N.Y. Slip Op. 587

   1st Dept. 2014 ................................................................................................................4

Decker v. NBC Universal Media, LLC

   2018 N.Y. Slip Op. 32504 (U)

   N.Y., Supreme, 2018......................................................................................................3

Mandell v. Mandell

   2012 N.Y. Slip Op. 22172, 36 Misc. 3d 797, 949 N.Y.S. 2d 580

   Westchester, Supreme, 2012 .........................................................................................4

Rokofsky v. Airbnb, Inc.

   2020 N.Y. Slip Op. 33638 (U)

   N.Y., Supreme, 2020......................................................................................................4

Smith v. Allstate Power Vac., Inc.

   482 F. Supp. 3d 40

   EDNY 2020....................................................................................................................6

Tower Ins. Co. of New York v. Nesher Builders LLC

   2010 NY Slip Op 328 02

   N.Y., Supreme, 2010......................................................................................................4

Willer v. Kleiman

   2014 N.Y. Slip Op. 1164, 114 A.D. 3d 850, 980 N.Y.S. 2d 567

   1st Dept. 2014 ................................................................................................................5

## Statutes

9 U.S.C. § 200 and 9 U.S.C. § 201 ...................................................................................3, 6

9 USC § 4 ..........................................................................................................................5, 7

FRCP § 12 (b) (1)...............................................................................................................6, 7

NYS CPLR § 7501 ........................................................................................................ 3, 5, 6

.

## STATEMENT OF FACTS

Plaintiff filed an action in NYS Supreme Court, County of Nassau, index number 607384/2021 against the Defendants alleging that Defendants entered into an employment contract with Plaintiff and that Defendants failed to pay Plaintiff for sales and services produced which is a violation of the Fair Labor and Standards Act along with ancillary state law claims such as breach of contract, unjust enrichment, wage theft prevention act, Quantum Meruit and two claims of alter ego. Defendants had this action removed to this Court as the allegations involved a question of federal law, namely the Fair Labor and Standards Act.

Although not mentioned in the Complaint filed in state or federal court, Plaintiff had agreed to arbitrate any disputes arising from the contract with Defendants in a religious arbitration called "Beis Din". This agreement is documented in emails, text messages and the arbitration agreement itself. In fact, not only was a Beis Din agreed upon, but the process of arbitration had also begun as dates and arbiters were being discussed amongst the parties and the arbitration Rabbi. From these facts, Defendants conclude that arbitration was agreed upon by the parties and that this action should be stayed or dismissed pending arbitration.

## PRELIMINARY STATEMENT

Parties are free to decide how any disputes that may arise amongst themselves will be resolved. The parties here established a contract to arbitrate any disputes

1

arising out of their business arrangement to be settled using a religious arbitration method called "Beis Din." Arbitration agreements like any contractual agreement are not to be tossed aside lightly. This Court should respect the parties' intent to resolve any disputes through arbitration and enforce the contract that established it.

The parties have a written agreement to arbitrate. It is important to remember that the writing need not be signed to be enforceable, just that the arbitration agreement is evidenced by some writing; and this arbitration agreement is evidenced by writing. We have the contract of arbitration in writing. We have texts and emails showing that an arbitration process was agreed upon. These emails and texts further show that the arbitration process not only was agreed upon but had begun. This is sufficient evidence to establish that a binding arbitration agreement existed. If the Court finds this written evidence lacking, New York State law recognizes a common law principle that arbitration agreements can be found on oral evidence, which also shows that arbitration had been agreed upon. The parties must be allowed to arbitrate their dispute and this action must be dismissed or stayed pending the results of the arbitration process.

## ARGUMENT

### I. THE PARTIES HAVE A BINDING WRITTEN ARBITRATION AGREEMENT IN THIS MATTER

As previously stated, prior to any legal filings in this matter, Plaintiff and Defendants agreed to arbitrate this matter in writing, and this agreement to arbitrate

2

must be enforced by this Court; thus, staying or dismissing this matter pending the outcome of arbitration. The parties had submitted to a Jewish religious tribunal to settle their matter called a "Beis Din" (aka "Beit Din"). Written agreements to arbitrate are governed by the Federal Arbitration Act (hereinafter referred to as the "FAA") and also under NYS CPLR § 7501. These two sections of law echo each other and are similar in their statutory framework. <u>Decker v. NBC Universal Media, LLC</u>, 2018 N.Y. Slip Op. 32504 (U) (N.Y., Supreme, 2018).

The documentation in this matter clearly spells out the terms and conditions of the arbitration agreement. Although the documents are not signed, they are a writing that definitively shows the particulars of the arbitration agreement and what the parties agreed to; and that the intent to arbitrate is unequivocal. <u>Tower Ins. Co. of New York v. Nesher Builders LLC</u>, 2010 NY Slip Op 328 02 (N.Y., Supreme, 2010). The agreement to arbitrate must be in writing and not necessarily signed to be enforceable if the intent to be bound is discernible. <u>Basis Yield Alpha Fund v. Goldman Sachs Grp., Inc.</u>, 2014 N.Y. Slip Op. 587 (1st Dept. 2014), *see also*, <u>Mandell v. Mandell</u>, 2012 N.Y. Slip Op. 22172, 36 Misc. 3d 797, 949 N.Y.S. 2d 580 (Westchester, Supreme, 2012). The parties' intent to be bound by the arbitration agreement in this case is not only found in the arbitration documents but through emails between the parties and the arbitration Rabbi. From these e-mails and text messages it is quite evident that the parties agreed to arbitrate this matter.

3

By discussing and agreeing to arbitration in these messages along with discussing potential arbiters, and most importantly, never objecting to arbitration, the parties have made their consent to the process known and cannot now deny that there was an arbitration agreement in place. Rokofsky v. Airbnb, Inc., 2020 N.Y. Slip Op. 33638 (U) (N.Y., Supreme, 2020). As there is sufficient evidence in place to show a written arbitration agreement, this Court pursuant to 9 USC § 4 and NYS CPLR § 7501 should enforce the agreement and stay or dismiss this action pending the outcome of the arbitration. Arbitration was the parties' intent and the parties' intent to arbitrate must be upheld.

In upholding the parties desire to arbitrate, this Court is enforcing the important legal principal that parties are free to determine how their disputes are resolved. The resolution in this matter must come from the "Beis Din" as the parties had wanted. Anything else would breach the contract formed to deal with this issue.

## II. IN THE ALTERNATIVE, THIS COURT SHOULD APPLY NEW YORK STATE LAW AND ENFORCE THE PARTIES' ORAL AGREEMENT TO ARBITRATE

Although the Federal Arbitration Act requires arbitration agreements to be in writing to be enforceable, NY state law does not. It recognizes "common law" arbitration agreements outside of the CPLR. Willer v. Kleiman, 2014 N.Y. Slip Op. 1164, 114 A.D. 3d 850, 980 N.Y.S. 2d 567 (1st Dept. 2014). If this Court is not satisfied with the written documentation for an arbitration agreement, it can find one

4

under the common law principle and dismiss this action for lack of Subject Matter Jurisdiction under FRCP § 12 (b) (1) as if the FAA is inapplicable, then state law can fill the gap. Smith v. Allstate Power Vac., Inc., 482 F. Supp. 3d 40 (EDNY 2020).

The parties had a verbal agreement to arbitrate evidenced by emails and text messages which clearly show that an arbitration process was agreed upon and in fact had moved into implementation stages. Potential arbitrators were even being discussed. A Summons and Complaint in plaintiff's name was issued for the arbitration hearing. These actions do not occur unless there has been an agreement to arbitrate. If the documentation in place is insufficient to establish a written arbitration agreement to satisfy the FAA or NYS CPLR, then surely looking at this evidence *in toto*, an arbitration agreement was formed under New York State common law doctrine. The filing of this civil action violates the contract to arbitrate, and this action must be dismissed pursuant to FRCP § 12 (b) (1) as the arbitration agreement deprives this Court of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, the motion to compel arbitration under 9 USC § 4 or in the alternative the motion to dismiss under Rule 12 (b) (1) should be granted.