T. Bryce Jones, Esq.
Jones Law Firm, P.C.
1270 Ave of the Americas
New York, NY 10020
(212) 258-0685
bryce@joneslawnyc.com

September 27, 2021

Via ECF
Hon. Judge Seybert

Re:     2:21-cv-04032-JS-SIL Siegel v. Milstein et al

**Pre-Motion Conference and Scheduling Order for Defendants' Motion to Compel Arbitration**

Dear Judge Seybert:

The undersigned represents all the named defendants ("Defendants") in this matter. Defendants respectfully request the Court either hold a pre-motion conference or waive this requirement for Defendants' Motion to Compel Arbitration. Defendants' counsel did review your Individual Rules prior to filing and perhaps erroneously determined that a Motion to Compel did not require a pre-motion conference. Opposing counsel contend that a conference is required. Defendants request Court guidance on the above procedural issues before Defendants move for a stay of discovery pending determination of the Motion to Compel. The parties have a conference with Magistrate Judge Steven Locke on 10/13/2021.

Brief Statement of the Case

This case involves a dispute under the Fair Labor Standards Act ("FLSA") as plaintiff in this action ("Plaintiff") alleges after entering into a contract with Defendants that Defendants did not honor the contract and failed to pay the Plaintiff his earnings from sales services. Along with the FLSA claim, Plaintiff is alleging other claims such as breach of contract, unjust enrichment, and other ancillary claims. Plaintiff initially filed this action in Supreme Court, Nassau County, New York State under index number 607384/2021. Defendants removed to this Court and filed an Answer, asserting *inter alia* an affirmative defense of an agreement to arbitrate.

The Basis for the Motion to Compel

The parties entered into an agreement that any disputes that arise from this business relationship would be resolved through arbitration. The parties agreed to submit their differences to a Beis Din, which is a Jewish Rabbinical arbitration proceeding, to resolve issues outside of the courtroom. Prior to any civil case being filed, the parties discussed and began the Beis Din process. For example, the Plaintiff in this action caused the Beis Din to issue summonses to the Defendants. Thus, this action is in contravention of the parties' wishes on how to resolve their differences and the Federal Arbitration Act.

Jones
Law Firm P.C

Under both the Federal Arbitration Act ("FAA") and the New York State CPLR § 7501, written agreements to arbitrate are enforceable; and when analyzing the law as to whether an arbitration agreement is enforceable, the federal and state laws mirror each other as they are similar in statutory framework. Decker v. NBC Universal Media, LLC, 2018 NY Slip OP. 32504 (U) (N.Y., Supreme, 2018). Defendants have in their possession not only written Beis Din arbitration documents, but also texts and emails between the parties discussing the arbitration process. From these records it will be shown that an arbitration agreement was reached and that this process was intended to resolve the dispute that is now pending before this Court. Even though the arbitration agreement (that is listed in both English and Hebrew) was not signed, the texts and emails more than establish that an agreement to arbitrate was made and that this action violates that contractual agreement. Agreements to arbitrate do not necessarily need to be signed to be enforceable if the intent to be bound is discernable. This is true in the case at hand. Basis Yield Alpha Fund v. Goldman Sachs Grp. Inc., 2014 N.Y. Slip Op. 587 (1st Dept. 2014).

Furthermore, New York State law additionally allows for oral contracts to arbitrate (called common law arbitration agreements). Thus, in the alternative the complaint should be dismissed pursuant to FRCP § 12(b)(1). Willer v. Kleinman, 2014 N.Y. Slip Op. 1164, 114 A.D. 3d 850, 980 N.Y.S. 2d 567 (1st Dept. 2014). The text messages and emails within Defendants' possession would clearly establish the fact that an arbitration process not only was agreed upon but had begun. These messages also show that Plaintiff was participating in the process by causing summonses to be issued and striking potential arbitrators.

Defendants request either a pre-motion conference or for the Court to waive any such requirement and set a briefing deadline for opposition and reply briefs.


Respectfully submitted,


/s/ Bryce Jones
T. Bryce Jones, Esq.


cc: Bryan Goldstein, Esq.
    Attorney for the Plaintiff