T. Bryce Jones, Esq.
Jones Law Firm, P.C.
1270 Avenue of the Americas
Seventh Floor
New York, NY 10020
(212) 258-0685
bryce@joneslawnyc.com

October 5, 2021

The Honorable Steven I. Locke

United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      **Re:    Motion to Stay Discovery Pending Decision on Motion to Compel Arbitration in *Siegel v. Milstein et al.*, No. 21 Civ. 04032 (E.D.N.Y.)**

Judge Locke:

      This firm represents Defendants in the above-captioned action. Pursuant to Federal Rule of Civil Procedure 26(c), and after a meet-and-confer in compliance with Local Civil Rules 37.1 and 37.3, Defendants respectfully move for the Court to stay discovery pending the Court's decision on whether to compel arbitration (ECF No. 7) to the Bais Havaad Rabbinical Court, a rabbinical court where adherents to Jewish law may seek to have their disputes resolved in a manner consistent with Jewish law.

      The Court has considerable discretion to stay discovery for "good cause." *See* Fed. R. Civ. P. 26(c); *see also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). As a general matter, when deciding if good cause has been shown pending a dispositive motion, courts consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.*; *see also Al Thani v. Hanke*, No. 20 Civ. 4765 , 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (applying the three-part test as to a motion to stay pending arbitration). "Courts also may take into consideration

the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation." *Josie-Delerme v. American General Finance Corp.*, No. 08 Civ. 3166, 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009).

Courts in this Circuit routinely stay discovery even without considering the three-factor test if there is a pending motion to compel arbitration (as there is here (ECF. No. 7). *See e.g.*, *Ahmad v. Day*, No. 20 Civ. 4507, 2021 U.S. Dist. LEXIS 32401, at *2 (S.D.N.Y. Feb. 22, 2021); *Intertec Contracting Turner Steiner Intern., S.A.*, No. 98 Civ. 9116 (CSH) 2001 WL 812224, at *7 (S.D.N.Y. Jul. 18, 2001) (general practice of district courts is to stay discovery while a motion to compel arbitration is pending).

"Courts routinely grant stays pending the determination of a motion to compel arbitration, because unless discovery is stayed, [the movant] will forever lose the advantages of arbitration—speed and economy." *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 16 Civ. 02805, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (citations omitted). Moreover, if "the Court ultimately determines that the dispute should be arbitrated, responsibility for the conduct of discovery lies with the arbitrators— and if not, [the non-movant] will suffer no prejudice from a temporary stay." *Id.* The harm to the arbitration and parties cannot be undone if the disputes are later found to be arbitrable. For these reasons, courts have held that discovery should be stayed pending a motion to compel arbitration absent compelling reasons to deny it. *See Ahmad*, 2021 U.S. Dist. LEXIS 32401, at *3.

Even if one puts to the side the general practice of courts in this Circuit, the non-exclusive three-factor test weighs completely in favor of staying discovery. *First*, plaintiffs have not requested to tailor discovery to a particular issue pending resolution of the motion to compel arbitration. Even when discovery is not completely stayed pending a motion to compel arbitration, courts only grant limited, narrowly tailored discovery. Counsel for Defendants does not know of any case in the last three decades where <u>full</u> discovery has been allowed when a motion to compel arbitration has been filed. Rather, discovery is only permitted if it is limited and specific (*e.g.*, arbitration-related discovery on issues such as waiver of arbitration, lack of consideration in forming the contract, *etc.*). *See, e.g.*, *Ahmad*, 2021 U.S. Dist. LEXIS 32401, at *2 (staying discovery except with respect to

plaintiff's request for discovery regarding the metadata of the alleged acceptance the agreement).

*Second*, the prejudice to Defendants would be more than substantial absent a stay. Defendants have moved to compel arbitration before the Bais Havaad Rabbinical Court (ECF No. 7). Defendants have moved to compel arbitration on the ground that they agreed with the Plaintiff to resolve any disputes in accordance with their own religious law and before religious authorities. Put simply, this process allows them to resolve disputes in accordance with shared religious principles and values and limits the impact of the dispute in their religious community. Requiring discovery outside of this process obviously prejudices Defendants as they seek to honor their own religious values. Indeed, some religious denominations strictly prohibit members from taking any matter to a secular court of law and require them to be "cheated" or otherwise default instead of having the secular court resolve it. *See, e.g.*, 1 Corinthians 6:1-11 (New International Version). Compelling discovery-- or litigation of any sort-- clearly prejudices the party that seeks to compel an agreed-upon dispute resolution that will not run afoul of their religious values.

*Third*, Defendants' motion to compel arbitration presents more than "substantial arguments for dismissal," which is all that is required to meet this factor. *See, e.g.*, *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Plaintiff agreed to arbitrate any disputes arising from the contract with Defendants in a religious arbitration. This agreement is documented in emails, text messages and the arbitration agreement itself. In fact, not only was a Beis Din agreed upon, but the process of arbitration had also begun as dates and arbiters were being discussed amongst the parties and the arbitration Rabbi. From these facts, Defendants conclude that arbitration was agreed upon by the parties and that this action should be stayed or dismissed pending arbitration.

In light of the fact that courts have held that a stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it and no such reason presents itself here, and all factors weigh in favor of staying discovery, it is respectfully submitted that the proceedings be stayed pending this Court's resolution of the motion to compel arbitration.

Respectfully submitted,

/s/ Bryce Jones

Bryce Jones