**KRAUSE & ASSOCIATES, P.C.**
*Attorneys At Law*
45 Broadway – 27th Floor
New York, New York 10006
Tel: 212-269-7000
Fax: 212-269-7514

October 8, 2021

*Via ECF only*

Hon. Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 820
Central Islip, New York 11722

Re: *Siegel v Milstein et al, Docket # 2:21-cv-04032-JS-SIL*

Dear Hon. Judge Locke:

    We represent plaintiff in the above-referenced matter. Defendants have filed a letter motion dated October 5, 2021, requesting a stay of discovery pending their motion to compel arbitration. As set forth below, defendants' motion for a stay should be denied because they did not have a good faith basis for their compel-arbitration motion and the motion is unlikely to prevail.

    Upon a showing of good cause, a district court has considerable discretion to stay discovery pursuant to FRCP 26(c). *Alvarez v. Experian Information Solutions, Inc.*, 2021 WL 2349370, at *1 (E.D.N.Y. 2021). The three factors courts use to decide whether good cause has been shown pending a dispositive motion are: *first,* whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious, *second,* the breadth of discovery and the burden of responding to it, and *third,* the risk of unfair prejudice to the party opposing the stay. Id. A stay is only warranted where a defendant's motion to compel arbitration "appears not to be unfounded in the law." Id at *2 (internal citations omitted).

    In a nutshell, defendants' motion lacks merit because the parties never agreed to arbitrate the claims asserted in this case. Tellingly, in their motion to stay discovery, defendants allege that there was an agreement to arbitrate before a certain rabbinical arbitration panel, the Beis Havaad Rabbinical Court. However, in their motion to compel arbitration, defendants assert a different claim, i.e., that there was an agreement to arbitrate before *any* rabbinical arbitration panel. Neither claim is true. It goes without saying that defendants' repeated misrepresentations that there was an agreement to arbitrate or that they have proof of it does not make it true.

    Defendants do not appear to dispute that there was never any agreement to arbitrate any of the claims until plaintiff on his initiative, in January 2021, summoned defendants to arbitrate the claims before the Beis Havaad Rabbinical Court. Had defendants agreed to arbitrate the claims before this tribunal, of course there would be a valid agreement to arbitrate before the panel. However, defendants refused to arbitrate before this panel. Defendants failed to appear before this panel, ignored three (3) separate summonses from this panel, and refused to sign an arbitration agreement sent to defendants by this panel. The foregoing is documented in emails between the parties, which are attached to defendants' motion to compel arbitration. In sum, defendants informed the tribunal and plaintiff that they refused to appear before the Beis Havaad Rabbinical Court and would only agree to rabbinical arbitration if the arbitration takes place before two specific rabbinical tribunals of their choice. In the words of defendant Sorotzkin, "[I]f you want to go to Beis Din [rabbinical arbitration] you have to choose one of these options" referring to either "Tzedek UMishpat" or "Machon LeOraha" rabbinical panels (emails are attached as **Exhibit A**). Therefore, there was no agreement to arbitrate before Beis Havaad Rabbinical Court as defendants wrongfully contend in their motion for a stay. Plaintiff never agreed to appear before defendants' chosen tribunals, and thus the parties never reached an agreement to arbitrate.

    In addition, defendants' claims of prejudice to proceed with discovery as they may be "cheated" and may be forced to default due to their religious convictions are insincere. Defendants chose this Court as the forum to litigate the claims in this action by removing this action from state court to this Court. Further, a search of New York Courts' docket shows that defendants have been involved in no less than two (2) other litigation matters before the New York State Supreme Court, in which they participated in litigation. In *Cohen, Tauber, Spievack & Wagner P.C. v. Yaakov Millstein, Avrohom Y. Sorotzkin, J. Synergy Green Inc., JSynergy LLC, J Synergy Solar LLC, and Solar Done Right LLC*, New York County Supreme Court Index No.: 65918/2020, defendants were sued by their own attorneys for failure to pay legal fees on multiple legal matters. Defendants interposed an Answer in that matter and the docket shows that litigation ensued. In *Yaakov Schwebel, Heather Finkle, and Micole Goldstein v. J Synergy Green Inc.*, Nassau County Supreme Court Index No.: 603815/2017, defendants were sued for misrepresentation and violation of GBL Section 350. Once again, defendants had no qualms about interposing an Answer and participating in litigation. Copies of the pleadings in these two actions along with the docket are annexed hereto as **Exhibit B**. Since defendants spurned plaintiff's offer of arbitration before the Beis Havaad Rabbinical Court, selected this Court as their chosen forum for litigation, and have a history of participating in litigation in secular courts, defendants' claims are disingenuous and the allegation of prejudice is fictitious.

    Based upon the foregoing, it is respectfully requested that this Court deny defendants' motion to stay discovery.

    Thank you for considering our opposition.

                  Respectfully,

                    Bryan Goldstein

Enclosures