UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELLIOT SIEGEL,

                              Plaintiff,                  Case No.: 2-21-cv-04032-JS-SIL

    -against-

                                                                   **ATTORNEY DECLARATION
                                                                   IN OPPOSITION**

YAAKOV MILSTEIN, AVROHOM Y.
SOROTZKIN, and J SYNERGY GREEN,
INC.,

                              Defendants.
------------------------------------------------------------X

       Bryan Goldstein, an attorney duly admitted to practice law before this Court, hereby declares the truth of the following upon information and belief and under the penalty of perjury:

       1.    I am of counsel to Krause and Associates, P.C., attorneys for the plaintiff ELLIOT SIEGEL (hereinafter "Plaintiff"). I submit this affirmation in opposition to defendants' YAAKOV MILSTEIN, AVROHOM Y. SOROTZKIN, and J SYNERGY GREEN, INC. (hereinafter "Defendants") motion to compel arbitration pursuant to 9 USC § 4, or in the alternative to dismiss the complaint pursuant to FRCP § 12(b)(1). As set forth below, defendants' motion is without merit and should be denied.

2. Plaintiff opposes Defendants' motion and, in opposition, submits Plaintiff's Affidavit along with the undersigned's memorandum of law.

3. In a nutshell, Plaintiff, a former employee of Defendants, brought this case in the Supreme Court of the State of New York, Nassau County, to recover for wrongfully withheld earnings. Defendants thereafter removed the case to this Court because Plaintiff asserted causes of action under the Fair Labor and Standards Act.

4. Defendants now move under the Federal Arbitration Act 9 USC § 4 and under FRCP § 12(b)(1) to compel arbitration or dismiss for lack of subject of matter jurisdiction. Essentially, Defendants contend that the parties reached an agreement to arbitrate this controversy before a rabbinical arbitration tribunal (known as "Beth Din") and that "the process of arbitration had begun." Defendant Sorotzkin's Declaration, Docket Document No. 7-3.

5. Despite Defendants' baseless assertions to the contrary, the evidence in this case indicates that the parties never reached an agreement to arbitrate. All that took place was an attempt on the part of Plaintiff to reach an agreement to arbitrate before a certain rabbinical panel. However, Plaintiff's attempt was unsuccessful as Defendants refused to arbitrate before the panel. Defendants did not appear or participate in the proceedings before the panel in any way, ignored three (3) summonses to appear before this panel, and refused to sign an arbitration agreement sent to Defendants by this panel. Ultimately, Defendants informed the rabbinical

panel's administrator and Plaintiff of their refusal to participate in arbitration. See, Defendants' emails dated April 23, 2021, attached to Defendants' motion as Docket Document 7-5. The foregoing clearly demonstrates the lack of any agreement to arbitrate between the parties.

6. Defendants attach, as an exhibit, an agreement to arbitrate sent to Defendants by the Bais Havaad Rabbinical Court (Docket Document 7-4), asserting that this document reflects an agreement to arbitrate between the parties. This is false. As evidenced by the emails attached to Defendants' motion (Docket Document No. 7-5), Defendants refused to sign this arbitration agreement and they refused their consent to arbitrate Plaintiff's claims before this panel. Therefore, this agreement cannot form the basis of an intent to arbitrate between the parties.

7. In fact, Defendants informed Plaintiff that they would only agree to participate in rabbinical arbitration, if arbitration is held before two rabbinical panels of their choice, "Tzedek UMishpat" and "Machon LeOraha." See emails attached to Defendants' motion as Docket Document No. 7-5. Also, Defendants further advised that would not agree to arbitrate by "Zabla," the rabbinical arbitration selection process whereby each litigant selects one arbitrator for the arbitration panel and the selected two arbitrators jointly select a third one. See emails attached to Defendants' motion as Docket Document No. 7-5.

8. In the words of Defendant Sorotzkin (email dated April 23, 2021 attached to Defendants' as Exhibit C to Plaintiff Siegel's Affidavit), "[I]f you want to go to Beis Din [rabbinical arbitration] you have to choose one of these options" referring to either "Tzedek UMishpat" or "Machon LeOraha" rabbinical panels. See email dated April 23, 2021, attached to Defendants' motion as Docket Document No. 7-5. Notably, the very same day when Defendants' proposed their choice of two rabbinical panels, Plaintiff rejected the proposal. See email dated April 22, 2021 attached to Defendants' motion as Docket Document No. 7-5.

9. Further, Defendants' assertion that the parties entered into an oral agreement to arbitrate, which is enforceable under the New York law, is likewise false. While New York law does not require an arbitration agreement to be in writing, it nevertheless requires that an oral agreement to arbitrate be clear, explicit and unequivocal. New York law further requires that evidence showing that the parties affirmatively and expressly agreed to arbitrate their disputes and if the evidence raises a substantial question as to whether the parties agreed to arbitrate, arbitration would not be compelled.

10. Here, there was no written or oral affirmative and express agreement to arbitrate. Defendants' evidence merely shows an attempt to reach an agreement to arbitrate. Neither an arbitrator nor the method for selection for arbitrators was agreed upon. Rather, both parties were very particular in their demand for the use

4

of specific panels. The parties never agreed to material terms necessary to demonstrate the existence of a valid arbitration agreement.

Wherefore, your declarant respectfully requests that Defendants' motion be denied in its entirety with whatever just and further relief that this Court may deem just, proper and equitable.

Dated: New York, New York
      October 11, 2021

                                      Respectfully,

                                      Bryan Goldstein
                                      Krause & Associates, P.C.
                                      Attorneys for Plaintiff
                                      45 Broadway, 27th Floor
                                      New York, NY 10006
                                      Tel: (212) 269-7000
                                      Fax: (212) 269-7514
                                      Email: leonidkrimsky@gmail.com

To:   T. Bryce Jones, Esq.
       Jones Law Firm, P.C.
       Attorney for Defendants
       Via ECF only