Krause & Associates, P.C.
By: Bryan Goldstein, Esq.
Attorneys for Plaintiff
45 Broadway, 27th Floor
New York, NY 10006
Tel: (212) 269-7000
Fax: (212) 269-7514
Email: lkrimsky@krauseandassociates.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ELLIOT SIEGEL,

                    Plaintiff,      Civil Action No.: 2-21-cv-04032-JS-SIL

-against-

**AFFIDAVIT**

YAAKOV MILSTEIN, AVROHOM Y.
SOROTZKIN, and J SYNERGY GREEN, INC.,

                    Defendants.

-------------------------------------------------------------X

State of New York  )
County of Queens  )

       Elliot Siegel, being duly sworn, deposes and says that:

    1. I am the plaintiff in the above action and I reside at 7318 171st Street, Flushing, New York 11366.

    2. I respectfully submit this affidavit in opposition to defendants' motion to compel arbitration. In their motion, defendants wrongly claim that there was an agreement to arbitrate the claims asserted here.

    3. In fact, there was never any agreement between myself and defendants to arbitrate any of the claims asserted in this action.

    4. The following are the circumstances ostensibly giving rise to defendants' claims that there was an agreement to arbitrate.

5.  On or about January 20, 2021, I invited defendants to arbitrate the claims asserted in this action before a rabbinical panel – the BaisHavaad Rabbinical Court of Rabbi Dovid Housman. At my request, the rabbinical panel issued a summons to defendants requesting their appearance before the panel on February 1, 2021.

6.  The selection of this particular rabbinical panel was of the utmost importance to me, as Rabbi Housman's rabbinical panel is held in very high regard in my community. I trusted Rabbi Housman's panel to be an impartial and fair arbitrator.

7.  Ultimately three (3) separate summons were sent to defendants, inviting them to arbitrate the claims asserted in this action before Rabbi Housman's rabbinical panel. In addition to the first summons sent on January 21, 2021, the second summons was sent on or about February 3, 2021, and the third summons was sent on or about February 19, 2021. (See copies of summonses, attached as **Exhibit A**).

8.  However, defendants rejected my invitation to arbitrate before Rabbi Housman's rabbinical court. They never appeared nor participated in any proceedings before the panel. They would not even consent to arbitrate before the panel, repeatedly refusing to sign an arbitration agreement, which Rabbi Housman requested they sign on multiple occasions (See arbitration agreement draft attached as **Exhibit B**).

9.  During this time period when I offered defendants the opportunity to arbitrate before Rabbi Housman, defendant Sorotzkin called my by telephone and gave me an offered $2000 to settle my claims and if I refused, defendants would sue me in court for breach of a non-existent non-compete agreement. This ultimatum clearly indicated to me that defendants were uninterested in my offer to arbitrate and were intent on proceeding to court.

10. Ultimately, after defendants delayed by about three months giving me their answer whether they would consent to arbitrate before the panel, on April 22, 2021, defendants finally advised Rabbi Housman and myself that they do not agree to arbitrate before the panel.

11. Instead, defendants advised that they would only agree to submit to rabbinical arbitration if it takes place before two rabbinical panels of their choice, "TzedekUMishpat" and "MachonLeOraha." Additionally, defendants further advised that would also not agree to arbitrate by "Zabla," the rabbinical arbitration selection process whereby each litigant selects one arbitrator for the arbitration panel and the selected two arbitrators jointly select a third one. In the words of defendant Sorotzkin (email dated April 23, 2021 attached as **Exhibit C**), "[I]f you want to go to Beis Din [rabbinical arbitration] you have to choose one of these options" referring to either "TzedekUMishpat" or "MachonLeOraha" rabbinical panels. Notably, the very same day when defendants proposed their choice of two rabbinical panels, I rejected the proposal (email dated April 22, 2021 attached as **Exhibit C**).

12. I never ever consented to arbitrate the claims made in this case before the rabbinical panels insisted upon by the defendants.

13. Also, to my knowledge, contrary to their claims, defendants never appeared before any rabbinical panels concerning the claims asserted in this case nor was I ever summoned to appear before any rabbinical court to arbitrate the claims made in this case.

14. No arbitration agreement was ever signed by me and defendants to arbitrate the claims asserted in this action or any other claims.

15. Accordingly, I brought an action in the New York Supreme Court for Nassau County, which was thereafter removed to this Court, as I fully intend to litigate my claims against defendants in a court of law.

16. In light of the above, I respectfully request that the Court deny defendants' motion to compel arbitration or to dismiss this case, as these claims are without any merit.

IN WITNESS WHEREOF, I have signed my name to this affidavit this ___ day of October, 2021.

Elliot Siegel

Sworn to before me this
___ day of October, 2021

NOTARY PUBLIC

BRYAN GOLDSTEIN
Notary Public, State of New York
No. 02GO6037641
Qualified in Kings County
Commission Expires Feb. 22, 2022

4