# EXHIBIT B

# ARBITRATION AGREEMENT

We the undersigned hereby agree to submit to binding arbitration all the controversies (claims and counter claims) between the undersigned parties including but not limited to the following controversy: **Any and all disputes between them.**

We further agree that the controversy be heard and determined by a panel of three arbitrators ["the Beis Din"], selected by Bais Havaad Rabbinical court. It is agreed that 50% of the arbitrators' fees, their attorney's costs and expenses   and/or any expenses shall be paid by each party to the controversy; that the arbitrators may make their award based upon what is just and proper to reach a decision; that no transcript of the proceeding need be made unless the arbitrators decide to hire a stenographer or minute taker whose cost shall be paid equally by the parties; that the arbitrators may follow any procedure as they decide; that hearings may be held on Sundays and other legal holidays; that the award of the arbitrators shall be in writing and shall be signed by a majority of the arbitrators and need not be acknowledged or notarized to be confirmed or enforced; that in the event that one arbitrator resigns or refuses to continue or is incapacitated or can't continue for any other reason, the remaining two arbitrators may elect to continue the proceedings and they shall have the same powers and authority.

The parties acknowledge that the subject matter of the arbitration may involve sophisticated issues of civil law, including commercial, regulatory, administrative and regulatory law and practice, and that the Beis Din may at its discretion submit to counsel of its choosing for guidance any point of law arising in the course of the arbitration and that the Beis Din may utilize said counsel as its legal representative for any reasonable purpose connected to the arbitration including but not limited to (a) the formulation, drafting or formulation of any ruling, order or award (b) the defense of any claim brought against him or his Rabbinical court.

The Parties understand that they have the right to be represented by attorneys and/or Rabbinic Counsel in the arbitration at any time, but that any party may elect to proceed without any attorney and the parties shall have the right to argue for themselves before the arbitrators. The parties hereby waive formal notice of the time and place of the arbitration proceeding and consent that the arbitration be held and commence with the jurisdiction of the arbitrators to continue until a final award is made and complied with. The parties agree that the arbitrators shall have the right to hear arguments, testimony and evidence, adjudicate without the presence of a party if the party fails to attend a scheduled hearing.

Arbitrators may, at their discretion accept testimony in person, by telephone or videoconference, In the event that after an award is made a dispute between the parties arises as to the interpretation of the award, compliance of the parties or if a party motions for re-argument or attempts to nullify

1

the Ruling due to their claim of any type of judicial error or new evidence etc., the parties agree that the arbitrators shall have sole jurisdiction on the matters to the extent permitted by law. The arbitrators need not explain to the parties or to anyone else the reason for their decision, and their decision is not open for appeal neither in any religious court nor in any secular court. We waive any legal or halachic right we may have to go to another court (Rabbinical or civil) or Rabbi regarding adjudication of this case.

The Beis Din alone shall determine the purview of the proceedings and what is or is not pertinent to the dispute.

We also obligate ourselves that if one party goes to another court (Rabbinical or Civil) or Rabbi to dispute the findings of the Rabbinical court, that party shall pay all legal costs as well as any expenses incurred by both sides of that action, as well as any *Bais Din* expenses incurred. This is regardless of the outcome of that action or actions.

The parties agree to faithfully abide by and perform any interim or final award or decision rendered by the arbitrators. The decree of the arbitrators shall be enforceable in the courts in the State of New York and/or New Jersey and/or Pennsylvania or in any court of competent jurisdiction in any State. The arbitrators shall not be required to take an oath or to administer an oath to any witness or party at the hearing. The parties submit themselves to the personal jurisdiction of the courts of the State of New York and/or New Jersey and/or Pennsylvania for any action or proceeding to confirm or enforce a decree of the arbitrators. The parties waive personal service process for such confirmation or enforcement proceedings. Service shall be sufficient if mailed via regular or via certified mail return receipt requested to the adverse party at the last known address.

The signing of this document shall in no way be constructed as waiving, restricting or amending any rights that are possessed by the litigants as empowered by any previous agreements.

If any term or provision of this Agreement should be held to be contrary to or invalid under the law of any Country, State or other jurisdiction, such illegality or invalidity shall not affect its validity in any Country, State or other jurisdiction where its validity is accepted.

Additionally, in the event that any term or provision of this Agreement is declared illegal, void or unenforceable, same shall not affect or impair the other terms or provisions of this Agreement. The doctrine of severability shall be applied to this document. The parties do not intend by this statement to imply the illegality, voidness or unenforceability of any term or provision of this Agreement.

Only the *Bais Din's* interpretation of this contract of arbitration or the verdict will be considered valid.

2

Both parties agree that this arbitration is binding upon both of them and may be enforced in any appropriate Court of Law.

This document may be signed in counterpart. Photocopies, scans and facsimile copies of this document shall be valid.

We bind ourselves, from this very moment, with a binding commitment attesting to our acceptance of all the above stipulations with total awareness *B'Bais Din Choshuv, B'Ofen HaMoel, D'Lo K'Asmachata U'Delo Ketufsa Deshtara, HaKol Shorir V'Kayom.*

I/we understand and agree to all of the above.

Dated:

Signatures: _____ Signatures: _____

בס"ד

אנו, בעלי הדינים החתומים מטה, מודים בהודאה גמורה וחתימת ידינו תעיד עלינו יותר ממאה עדים כשרים ונאמנים, שקיבלנו עלינו לסדר כל טענותינו בהדין ודברים שבינינו, כולל כל התביעות וכל התביעות הנגדיות שבין הצדדים הח"מ, אצל הרבנים _____ , והתחייבנו ומחלנו ככל שיפסקו עלינו הן דין הן פשר קרוב לדין הן פשרה

וקיבלנו לציית לפסק דינם בלי שום השמטה וערעור כלל.~

והותנה במפורש ונמחל מראש שיכולים הדיינים לדון ולקבל עדות בכל זמן ועת שירצו, אפילו בלילה או בערב שבת וכדומה; ושאם אחד מבעלי הדין ישתמט מהדין תורה, שאז יכולים הבי"ד להמשיך הדין תורה ולשמוע טענות והוכחות ולקבל עדות ולפסוק הדין תורה אף שלא בפניו; ושיש בידם לקבוע המציאות ע"פ אומד דעתם ולפסוק כפי נטיית הכרעתם; ושההכרעה תהא על דעת רוב הבי"ד, והרוב יוכל להכריע אף אם אחד מהדיינים יסתלק ואף אם אחד מהדיינים יאמר איני יודע; ושסמכות הבי"ד תהא בתקפה עד לסוף ביצוע פסק הדין; ושבידם להכריע בנוגע כל סכסוך בביצוע פסק הדין, או בפירוש פסק הדין, וכן בידם להכריע במקרה שא' מהצדדים יש לו טענות או ראיות לסתור את הדין, וכמו כן אם בפסק הדין לא הכריעו (מאיזה טעם שיהיה) על כל הנושאים שהיו שייכים להדין תורה, יש בידם להכריע ולפסוק ע"ז גם אח"כ; ושלא יהא בידינו לשאול "מאיזה טעם דנתוני"; ושלא יהא כח לשום בי"ד שבעולם לבטל או לשנות פסק הדין אף אם לפי דעתם טעו הדיינים הנ"ל, ורק אם הדיינים בעצמם יחליטו על פי רוב דעות שהיה טעות בפסקם, אז בידם לחזור או לשנות פסק הדין; ושנמחל כל תביעת ממון או תביעה אחרת שיכולה להיות לנו עליהם.~

ובאם אחד או יותר מהחתומים מטה חותמים בשם חברה או עמותה וכיוצ"ב, מצהיר בזאת החותם כי בסמכותו המלאה מכל בחינה שהיא להתדיין בנושאים האמורים לעיל וכי חתימתו דלמטה מחייבת לכל דבר וענין, ובמידה ויתברר שאינו כן אזי הוא מתחייב

ונוטל על עצמו אישית את כל החיובים הנובעים משטר בוררין זה בכפוף להחלטות הבי"ד.~

וכל הנ"ל נעשה בקנין גמור אגב סודר במנא דכשר למקניא בי' מעכשיו (ר"ל בזמן הקנין) בפני בי"ד חשוב, בצירוף עוד קנינים וחיזוקים

באופן היותר מועיל על פי תוה"ק, ובאופן שאין שום חשש קנין דברים או אסמכתא או שום ריעותא שבעולם, ובביטול כל מיני מודעות

שבעולם ובביטולו ובביטול כל מודעי דנפיק מגו מודעי עד עולם, ובפסילת עדים שיעידו לבטל שטר זה מחמת איזה חסרון שבעולם, כחומר קנינין ותנאין העשויין כתקנת חז"ל דלא כאסמכתא ודלא כטופסי דשטרי, הכל שריר וקים.~

וע"ז באעה"ח ביום __ לחדש שבט שנת תשפ"א לפ"ק

בעל דין _____ מורשה _____ עפ"י צווי בע"ד הנ"ל

בעל דין _____ מורשה _____ עפ"י צווי בע"ד הנ"ל

בעל דין _____ מורשה _____ עפ"י צווי בע"ד הנ"ל

בעל דין _____ מורשה _____ עפ"י צווי בע"ד הנ"ל