UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ELLIOT SIEGEL,

                      Plaintiff,           Case No.: 2-21-cv-04032-JS-SIL

   -against-

                                       **PLAINTIFF'S
MEMORANDUM OF LAW
IN OPPOSITION TO
DEFENDANTS' MOTION TO**
YAAKOV MILSTEIN, AVROHOM Y.      **COMPEL ARBITRATION**
SOROTZKIN, and J SYNERGY GREEN,   **OR IN THE ALTERNATIVE**
INC.,                                **TO DISMISS**

                    Defendants.
-------------------------------------------------------X

 

_____
Bryan Goldstein
Krause & Associates, P.C.
Attorneys for Plaintiff
45 Broadway, 27th Floor
New York, NY 10006
Tel: (212) 269-7000
Fax: (212) 269-7514
Email: leonidkrimsky@gmail.com

# TABLE OF CONTENTS

TABLE OF CONTENTS…………………………………………………………..ii

TABLE OF AUTHORITIES………………………………….………....iii

PRELIMINARY STATEMENT……………………………………….....1

ARGUMENT……………………………………………………….....3

    I.     THE FEDERAL ARBITRATION ACT DOES NOT REQUIRE
            ARBITRATION OF THIS DISPUTE…………………………3

    II.    NEW YORK LAW DOES NOT REQUIRE ARBITRATION OF
            THIS DISPUTE…………………………………………..10

CONCLUSION…………………………………………………12

# TABLE OF AUTHORITIES

## Cases

*223 Sam, LLC v 223 15th Street, LLC*, 77 N.Y.S.3d 83, (2d Dept. 2018)
……………………………………………………………………………………………*9*

*AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643 (1986)
………………………………………………………………………………………...4

*Avis Rent A Car System, Inc. v. Garage Employees Union, Local 272*, 791 F.2d 22
(2nd Cir. 1986) ……………………………………………………………..…………5

*Basis Yield Alpha Fund (Master) v Goldman Sachs Group*, Inc., 115 A.D.3d 128
(N.Y. App. Div. 1st Dept. 2014)……………….………….……………...…11

*Bensadoun v. Jobe-Riat*, 316 F.3d 171 (2d Cir. 2003)…………….…………5, 6

*Brause v. Goldman*, 10 A.D.2d 328, 199 N.Y.S.2d 606 (N.Y. App. Div. 1st Dept.
1960); aff'd. 9 N.Y.2d 620, 210 N.Y.S.2d 225, 172 N.E.2d 78 (N.Y. 1961))…...8, 9

*Butto v. Collecto Inc.*, 802 F.Supp.2d 443 (E.D.N.Y. 2011)…………….10, 11

*Crewe v. Rich Dad Educ., LLC*, 884 F.Supp.2d 60 (S.D.N.Y. 2012)……..………4

*Express Indus. & Terminal Corp. v. New York State DOT*, 715 N.E.2d 1050 (N.Y.
1999)……………………………………………………………………………....5

*In re Salomon Inc. Shareholders' Derivative Litigation*, 68 F.3d 554 (2d Cir.
1995)…………………………………………………………………………...…5

*Kai Peng v. Uber Technologies, Inc.*, 237 F.Supp.3d 36 (E.D.N.Y.  2017)
………………………………………………………………………………...4

*Miletic v. Holm and Wonsild*, 294 F. Supp. 772 (S.D.N.Y. 1968)…………….......6

*Moss v. BMO Harris Bank, N.A.,* 114 F.Supp.3d 61 (E.D.N.Y. 2015)………....…5

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220 (2d Cir. 2016)……………………...5

*Schnabel v. Trilegiant Corp.,* 697 F.3d 110 (2d Cir. 2012)…………………..….4

*Schwartz v Greenberg*, 304 N.Y. 250 (N.Y. 1952)…………….....……………..9

*Thomas v. Public Storage, Inc.*, 957 F.Supp.2d 496 (S.D.N.Y. 2013)…....………..8

Waldron v. Goddess, 461 N.E.2d 273 (N.Y. 1984)…..…………………………...11

### Statutes

FRCP § 12(b)(1)……………………………………………...…………………1

9 U.S.C. § 2…………………………………………………………3, 4, 8, 10

9 U.S.C. § 4……………………………………………………….…..1

9 USCA § 5………………………………………………………………5

## PRELIMINARY STATEMENT

Plaintiff Elliot Siegel, a former employee of defendants Yaakov Milstein, Avrohom Y. Sorotzkin, J Synergy Green, Inc ("Defendants") brought this case to recover for wrongfully withheld earnings.  Plaintiff's Complaint, Docket No. 1-1. Initially, Plaintiff brought this case in the Supreme Court of the State of New York, Nassau County.  Defendants thereafter removed this case to this Court because Plaintiff asserted causes of action under the Fair Labor and Standards Act.

After removal, Defendants interposed an answer which denied Plaintiff's allegations and asserted numerous affirmative defenses, including that Plaintiff breached an agreement to arbitrate the controversy.  Defendants' Answer, Docket No. 5.  According to Defendants, the parties had a "verbal agreement" to arbitrate before a Rabbinical arbitration tribunal known as Beth Din and furthermore "Defendants appeared before the Be[th] Din, but Plaintiff failed to appear." Defendants' Answer Docket No. 5, ¶¶ 88,89.

Defendants now move under the Federal Arbitration Act 9 USC § 4 and under FRCP § 12(b)(1) to compel arbitration or have the case dismissed for lack of subject of matter jurisdiction.  Essentially, Defendants contend that the parties reached an agreement to arbitrate this controversy before a Beth Din and that "the process of arbitration had begun."  Defendant Sorotzkin's Declaration Docket No. 7-2, ¶ 4.

Defendants support their motion with a copy of an unsigned arbitration agreement purportedly showing the specifics of the parties' agreement along with copies of phone text and email correspondence between the parties that purportedly show that "the arbitration process not only was agreed upon but had begun." Defendant Sorotzkin's Declaration, Docket No. 7-2, ¶ 4.

Plaintiff opposes the motion. As more fully set forth below, the parties never reached an agreement to arbitrate the present dispute. Defendants misrepresent the record. The apparent basis of Defendants' motion is Plaintiff's unsuccessful attempt to arbitrate the controversy before a certain Beth Din, the Bais Havaad Rabbinical Court of Rabbi Dovid Housman. At Plaintiff's behest, Rabbi Housman summoned Defendants to appear before his arbitration panel and requested that Defendants sign an arbitration agreement. However, it is undisputed that Defendants refused to sign the Arbitration Agreement and refused to appear before Rabbi Housman's panel. Yet now, Defendants have the gall to offer the very arbitration agreement draft that they refused to sign as proof of the parties' agreement to arbitrate the dispute.

In addition, the correspondence relied upon by Defendants further shows no agreement to arbitrate was reached. The correspondence shows that after Defendants refused to appear before Rabbi Dovid Housman's panel, Defendants advised Plaintiff and Rabbi Dovid Housman that they would only agree to submit this case to rabbinical arbitration if it would take place elsewhere, before certain two

rabbinical arbitration panels of Defendants' choice.  In Defendant Sorotzkin's own words, he stated that "[I]f you want to go to Beis Din you have to choose one of these options," referring to either "TzedekUMishpat" or "MachonLeOraha."  See Defendants' emails attached to their motion papers, Docket No. 7-5.  Plaintiff never agreed to submit the dispute to the rabbinical panels specified by Defendants.  Thus, Defendants clearly did not intend to submit the dispute to *any* Beth Din as they now seemingly contend.[1]

In sum, the record merely shows Plaintiff's unsuccessful attempt to arbitrate the dispute before a particular Beth Din, which attempt was spurned by Defendants as well as Defendants' counter-offer to arbitrate the dispute before a Beth Din of their choice.  No agreement to arbitrate was ever reached.

## ARGUMENT

### Point I

### THE FEDERAL ARBITRATION ACT DOES NOT REQUIRE ARBITRATION OF THIS DISPUTE

The Federal Arbitration Act ("FAA") provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

---

[1]Notably, in their motion to stay discovery during pending this motion, Defendants described the parties' purported agreement as the one calling to arbitrate before Bais Havaad Rabbinical Court of Rabbi Dovid Housman. Defendants' letter motion, Docket # 11.

3

Although the FAA reflects a federal policy favoring arbitration, the FAA "does not require parties to arbitrate when they have not agreed to do so." *Schnabel v. Trilegiant Corp.,* 697 F.3d 110, 119 (2d Cir. 2012).  Since "arbitration is a matter of contract … a party cannot be required to submit to arbitration [in] any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 648 (1986) (internal quotation marks and citation omitted).

Accordingly, if "the dispute at issue concerns [either] contract formation" or "whether parties have agreed to submit a particular dispute to arbitration," the court must make an initial determination prior to compelling arbitration.  *Kai Peng v. Uber Technologies, Inc.*, 237 F.Supp.3d 36, 45 (E.D.N.Y.2017) (alterations, internal quotation marks, and citations omitted).  "The presumption [in favor of arbitration] does not apply to the threshold issue of whether the parties agreed to arbitrate at all," which is strictly a matter of consent, and determined based on principles of contract law.  *Crewe v. Rich Dad Educ., LLC*, 884 F.Supp.2d 60, 72 (S.D.N.Y. 2012).

"Whether or not the parties have agreed to arbitrate is a question of ordinary state contract-law." *Schnabel v. Trilegiant Corp.,* 697 F.3d 110, 119 (2d Cir. 2012). Under the New York contract-law principles (which Defendants do not dispute govern here with respect to contract formation), in order create a binding contract, "there must be a manifestation of mutual assent sufficiently definite to assure that

4

the parties are truly in agreement with respect to all material terms." *Express Indus. & Terminal Corp. v. N.Y. Dep't Transp.*, 715 N.E.2d 1050, 1053 (N.Y. 1999).

A term in the arbitration agreement regarding the method of naming or appointing an arbitrator is considered a material term.  9 USCA § 5 (Where parties reach an agreement as to the method of naming or appointing an arbitrator, "such method shall be followed.");  *Avis Rent A Car System, Inc. v. Garage Employees Union, Local 272*, 791 F.2d 22, 25 (2d Cir. 1986) ("award will not be enforced if the arbitrator is not chosen in accordance with the method agreed to by the parties"). The unavailability of the designated arbitration forum renders the entire arbitration agreement void.  *In re Salomon Inc. Shareholders' Derivative Litigation*, 68 F.3d 554, 560 (2d Cir. 1995);  *Moss v. BMO Harris Bank, N.A.,* 114 F.Supp.3d 61, 68 (E.D.N.Y. 2015)[2].

On a motion to compel arbitration, courts apply a "standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003).  Thus, the courts "consider all relevant, admissible evidence submitted by the parties and draw all reasonable inferences in favor of the non-moving party." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016).  If there is a genuine dispute of material fact regarding the making of an agreement to

---

[2] Tellingly, the fact that Defendants undertook an effort took to remove this case from state court for this Court to decide the issue of arbitrability underscores the importance parties attach to the identities of tribunals deciding their cases.

arbitrate, then a trial is necessary. *Bensadoun*, 316 F.3d at 175 (citing 9 U.S.C. § 4). The party seeking a stay has the burden to satisfy the court that a matter is subject to arbitration. *Miletic v. Holm and Wonsild*, 294 F. Supp. 772, 774 (S.D.N.Y. 1968)

In this case, Defendants claim that the parties had an agreement to resolve the dispute by rabbinical arbitration. Defendants support their motion with a declaration of one of Defendants who asserts, in a conclusory fashion, that there existed an agreement to arbitrate before rabbinical panel, though the declaration lacks any specifics surrounding the reaching of the agreement, such as when and where the agreement was reached or the content of the agreement. Defendant Sorotzkin's, Declaration Docket No. 7-2.

Defendants also provide: (i) an unexecuted form of Arbitration Agreement providing among other terms that the dispute between the parties be heard and determined by a panel of the arbitrators selected by the Bais Havaad Rabbinical Court; (ii) a copy of Summons of the Bais Havaad Rabbinical Court addressed to Defendants directing Defendants to appear at a certain time and date before the rabbinical panel; and (iii) screenshots of the phone texts and emails correspondence between the parties and Rabbi Dovid Housman, the administrator of Bais Havaad Rabbinical Court. Defendants' motion papers, Docket No. 7, 8.

Defendants' motion, however, is meritless and should be denied as all the evidence in this case indicates that the parties never reached an agreement to

arbitrate.  All that took place was an attempt by Plaintiff to reach an agreement with Defendants to arbitrate the dispute before a certain rabbinical panel.  The attempt, however, was unsuccessful.

Although Plaintiff and Defendants had not entered into an agreement to arbitrate their disputes, on or about January 20, 2021, Plaintiff offered Defendants an opportunity to appear before the Bais Havaad Rabbinical Court for rabbinical arbitration.  Plaintiff Siegel Affidavit, ¶5.  At Plaintiff's request, the rabbinical panel issued a summons to Defendants.  Plaintiff Siegel Affidavit, ¶5.  Defendants, however, never appeared before the rabbinical panel.  Siegel Affidavit, ¶8.  Defendants also refused to execute an arbitration agreement to arbitrate before the panel, despite the request by Rabbi Housman, the administrator of the Bais Havaad Rabbinical Court, that they do so.  Plaintiff Siegel Affidavit, ¶8.

The fact that Defendants refused to arbitrate before the panel is reflected in the emails attached to Defendants' papers.  See Defendants' emails attached to their motion papers, Docket No. 7-5.  According to the emails, Defendants informed Plaintiff that they would not agree to participate before Beth Din, unless arbitration is held before two rabbinical panels of their choice, "Tzedek UMishpat" and "Machon LeOraha."   See Defendants' emails attached to their motion papers, Docket No. 7-5; Siegel Affidavit, ¶11.  In the words of Defendant Sorotzkin (email dated April 23, 2021 attached as <u>Exhibit C</u> to Plaintiff Siegel's Affidavit), "[I]f you

want to go to Beis Din [rabbinical arbitration] you have to choose one of these options" referring to either "TzedekUMishpat" or "MachonLeOraha" rabbinical panels.  See Defendants' emails attached to their motion papers, Docket No. 7-5. Notably, the very same day when Defendants proposed their choice of two rabbinical panels, Plaintiff rejected the proposal.  See Plaintiff's email dated April 22, 2021 attached as <u>Exhibit C</u> to Plaintiff Siegel's Affidavit).  Thus, the parties never reached agreement to arbitrate before the Bais Havaad Rabbinical Court (or any other rabbinical panel).

Additionally, Defendants' contention that the existence of the unexecuted arbitration agreement draft circulated by Rabbi Housman to the parties qualified as "written" agreement under the FAA, is incorrect.  Defendants' Memorandum of law, Docket No. 7-3.

Although under the FAA, parties may be bound to written arbitration agreements which are unsigned, this is only when the agreements satisfy the ordinary principles of state contract law. *Thomas v. Public Storage, Inc.*, 957 F.Supp.2d 496, 499 (S.D.N.Y. 2013).   Under ordinary New York contract law principles, an unsigned agreement is only enforced "when all the essential terms and conditions of an agreement have been set forth in informal written memoranda, and all that remains is their translation into a more formal document, such an agreement will be capable of specific performance." *Brause v. Goldman*, 10 A.D.2d 328, 332 (N.Y.

8

App. Div. 1st Dept. 1960); aff'd. 172 N.E.2d 78, 78 (N.Y. 1961). However, when "the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed." *223 Sam, LLC v 223 15th Street, LLC*, 77 N.Y.S.3d 83, 85, (N.Y. App. Div. 2d Dept. 2018) (internal citations omitted).

When the parties have clearly expressed an intention not to be bound until their preliminary negotiations have culminated in the execution of a formal contract, they cannot be held until that event has occurred. *Brause v. Goldman*, 10 A.D.2d 328, 332 (N.Y. App. Div. 1st Dept. 1960); aff'd. 172 N.E.2d 78, 78 (N.Y. 1961). The necessary finality of assent is lacking. *Id*.; see also *Schwartz v Greenberg*, 304 N.Y. 250, 253 (N.Y. 1952) ("Indeed they drafted a formal contract on April 4, 1950, and each of them retained a copy thereof until they met again the next day, when the defendant withdrew from the transaction. It is entirely plain, then, that the parties did not intend to be bound until a written agreement had been signed and delivered.")

In this case, Defendants refused to execute the agreement when prompted by Rabbi Housman, the administrator of the Beth Din, which refusal shows that they did not intend to be bound by the terms. See Defendants' emails attached to their motion papers, Docket No. 7-5. Additionally, the agreement draft provided that the dispute between the parties be heard and determined by a panel of the arbitrators

selected by the Bais Havaad Rabbinical Court.  See Exhibit B to Plaintiff Siegel Affidavit.  However, Defendants demonstrably refused to have the controversy decided by the Bais Havaad Rabbinical Court.  See Defendants' emails attached to their motion papers, Docket No. 7-5. Accordingly, the draft does not represent the parties' agreement and as such the FAA does not apply to the parties' purported agreement to arbitrate.

In light of the above, defendants' motion to compel arbitration should be denied as there was no agreement to arbitrate.  The evidence merely shows an attempt by the parties to reach an agreement to arbitrate, which was unsuccessful. Since the parties never mutually agreed to the method of selecting an arbitrator, which is a material term of an arbitration agreement, defendants' assertions that there existed a valid arbitration agreement are devoid of merit.

## Point II

## NEW YORK LAW DOES NOT
## REQUIRE ARBITRATION OF THIS DISPUTE

Defendants also wrongly contend that in the event the Court finds that the arbitration agreement draft does not qualify as a written agreement, subject to the FAA, the parties' purported oral agreement to arbitrate nevertheless represents an agreement to arbitrate under New York law.

Unlike under the FAA where the defendant seeking to compel arbitration must prove existence of an arbitration agreement merely by "preponderance" (*Butto v.*

*Collecto Inc.*, 802 F.Supp.2d 443, 446 [E.D.N.Y. 2011]), under New York law, the defendant additionally bears a "heavy burden" of showing that the alleged arbitration agreement's terms are "clear, explicit and unequivocal." *Basis Yield Alpha Fund (Master) v Goldman Sachs Group*, 115 A.D.3d 128, 132-133 (N.Y. App. Div. 1st Dept. 2014) (internal citations omitted).

As the New York Court of Appeals has stated, "[A] party will not be compelled to arbitrate ... absent evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes. (*Matter of Waldron (Goddess)*, 461 N.E.2d 273 (N.Y. 1984) (internal quotation marks and citations omitted). If the evidence raises a "substantial question as to whether the parties agreed to arbitrate," arbitration would not be compelled. *Basis Yield Alpha Fund (Master) v Goldman Sachs Group*, 115 A.D.3d 128, 132-133 (N.Y. App. Div. 1st Dept. 2014) (internal citations omitted).

Here, Defendants' evidence not only fails to show that the parties' agreement to arbitrate was clear and unambiguous, but it does not even show that the parties reached an agreement to arbitrate altogether. Defendants' evidence merely shows an unsuccessful attempt to reach an agreement to arbitrate. Neither an arbitrator nor the method for selection for arbitrators were agreed upon. Rather, both parties were particular about using specific rabbinical panels. Because the parties never agreed to all material terms, no valid agreement to arbitrate materialized.

11

# CONCLUSION

For the above reasons, Defendants' motion to compel arbitration should be denied.

Dated: New York, New York
       October 11, 2021

                              Respectfully,

                              _____
                              Bryan Goldstein
                              Krause & Associates, P.C.
                              Attorneys for Plaintiff
                              45 Broadway, 27th Floor
                              New York, NY 10006
                              Tel: (212) 269-7000
                              Fax: (212) 269-7514
                              Email: leonidkrimsky@gmail.com