UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ELLIOT SIEGAL,

   Plaintiff,

    -- against--

YAAKOV MILSTEIN, AVROHOM Y.
SOROTZKIN and J. SYNERGY GREEN, INC.,

Defendants.
-------------------------------------------------------------X

No. 21 Civ. 0432 (JS)(SIL)

**DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S
<u>DENIAL OF MOTION TO STAY DISCOVERY</u>**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Defendants respectfully submit these objections to the Magistrate Judge's denial of their motion to stay discovery (ECF No. 14) until this Court decides the motion to compel arbitration (ECF No. 7).

## I. INTRODUCTION

Defendants' motion to stay discovery is a routine request that courts commonly grant when a motion to compel arbitration is pending. Courts grant such stays because the Federal Arbitration Act ("FAA") mandates stays of proceedings in district courts when an issue in the proceeding is arbitrable. *See* 9 U.S.C. § 3.[1] Not staying a proceeding while the issue of arbitration is being decided irreparably harms the movant's statutory rights as well as their right to appeal a denial of the motion to compel arbitration, 9 U.S.C. § 16, contravening the congressional-design of the FAA that strongly favors arbitration.

Thus, for at least three decades, courts in this Circuit have uniformly stayed discovery when there is a pending motion to compel arbitration in order to preserve the statutory rights guaranteed under the FAA. *See e.g.*, *Ahmad v. Day*, No. 20 Civ. 4507, 2021 U.S. Dist. LEXIS 32401, at *2 (S.D.N.Y. Feb. 22, 2021); *Intertec Contracting Turner Steiner Intern.*, S.A., No. 98 Civ. 9116, 2001 WL 812224, at *7 (S.D.N.Y. Jul. 18, 2001) (district courts generally stay discovery after a motion to compel arbitration). In fact, counsel for Defendants have been unable to find a single case in which **full** discovery has been permitted while a motion to compel arbitration is pending. The only exceptions to staying discovery has involved limited discovery on a specific issue related

---

[1] Section 3 of the FAA requires courts, "upon application of one of the parties," to stay litigation of issues that are "referable to arbitration" "until arbitration has been had in accordance with the terms of the parties' arbitration agreement, providing [the party applying for a stay] is not in default in proceeding with such arbitration." 9 U.S.C. § 3. Thus, faced with a properly supported application for a stay of litigation of an arbitrable controversy, a federal district court must grant the stay. *Id.*

1

to arbitrability. The Magistrate Judge's decision thus appears to stand contrary to the decision of every court in this Circuit for the last three decades.

The sole basis for the Magistrate Judge's decision was that the motion to compel arbitration was "unlikely to succeed in the absence of an ascertainable agreement to arbitrate." ECF No. 14 at 1. But the Magistrate Judge's reasoning is, respectfully, wrong as a matter of law and as a matter of fact. As a matter of law, the Magistrate Judge committed clear error by failing to consider, much less apply, case law staying discovery pending a motion to compel arbitration. As a matter of fact, the Magistrate Judge erred because there is an ascertainable agreement.

Addressing this last issue, the fact is that Defendants agreed with Plaintiff to have their dispute resolved under "Beth Din," a form of dispute resolution practice in Orthodox Judaism for hundreds, if not thousands, of years. Such an agreement is easily ascertainable. "The Beth Din, or Beit Din, is the Rabbinical Court that has been the basis of Jewish law and living throughout history and around the globe. Procedures and decisions based on the Torah, Talmud, and the great body of Halachic law are the guarantee of continued Jewish communal life." (West Coast Rabbinical Court, http://www.beth-din.org (last checked October 25, 2021).

For these reasons, Defendants Yaakov Milstein and Avrohom Y. Sorotzin respectfully request that the Court stay discovery until it decides the motion to compel arbitration is decided.

## II. BACKGROUND

The individual defendants in this case, Yaakov Milstein and Avrohom Y. Sorotzin, practice Orthodox Judaism. The collective body of Jewish religious laws that govern their life (*Halacha*) forbids Jewish people from having financial disputes resolved by a non-Jewish court (*Nochri* court). According to *Halacha*, financial disputes with fellow Jews should be resolved according to the rules of Jewish text and tradition by Jewish judges. The obligation to establish courts of law to

resolve disputes among practicing Jewish people began, according to the Jewish faith, when G-d instructed them to "Appoint judges and officers in all your gates." Deut. 16:18.

Defendants agreed with the plaintiff to have their dispute resolved under "Beis Din" (aka "Beit Din," "Beth Din," or "Bet Din"), a common and often-used dispute resolution for individuals practicing Judaism. "It is a fundamental belief of Orthodox Judaism that G-d gave the Jewish people the Torah at Mount Sinai and that those holy laws govern every aspect of a Jew's life, including the adjudicating of disputes." Charles B. Wagner, Gregory M. Sidlofsky and Rachael Kwan, *Advising the Orthodox Jewish Litigant*, 46 The Advocates' Quarterly 135, 142 (2016).[2] "To adherents of that belief, litigating in the civil court system constitutes a rejection of Torah law. Jewish law mandates that disputes between Jews are to be resolved through the Beis Din."[3] *Id.* "The term Beis Din means 'house of judgment' and refers to a rabbinical court of justice that adjudicates disputes according to the principles set out in the Torah and the Talmud." *Id.*

*Halacha* offers two options for dispute resolution under Beis Din. The parties may choose a specific organization (a "sitting" beit din or *Beit Din Kavua*) under which three arbitrators are selected (*dayanim*, meaning "deciders," where a *dayan* refers to a single arbitrator). If they do not or cannot agree to a specific sitting beit din, then they resolve their dispute by *Zabla Beit Din*, in which each litigant chooses an arbitrator (a dayan) and the two *dayanim* then choose a third arbitrator.

---

[2] Available at https://www.wagnersidlofsky.com/wp-content/uploads/advising-orthodox-jewish-litigant.pdf

[3] A Beth Din is also referred to as a Bais Din, Beit Din, Beis Din or Bait Din depending upon one's custom.

Under *Beis Din*, the plaintiff selects the forum in which to initiate the process. There are dozens, if not hundreds, of Batei Din across the United States and world.[4] Of course, allowing the plaintiff to select the forum can raise fundamental perceptions of unfairness particularly in the religious context. For example, what if a plaintiff selects a forum where the neutral adjudicators believe it is against their religious text for women to work and the defendant is a woman with a business dispute? This is an extreme example, but to ensure the perception of fairness, and fairness in fact, the Beis Din system allows the defendants to object and select a new forum. If the plaintiff objects to the defendant's selection of the forum, then the process proceeds to *Zabla Beit Din*. *See* Rabbi Yona Reiss, "Jewish Law, Civil Procedure: A Comparative Study" Journal of the Beth Din of America 1, 18 – 19 (2012).[5]

### III. STANDARD OF REVIEW

A district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. Rule 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Dorsett v. Cnty. of Nassau*, 800 F. Supp. 2d 453, 456 (E.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). Moreover, an order is "clearly erroneous" when the reviewing court "is left with the definite and firm

---

[4] For an informal international list of Beth Dins, see
https://kosherdelight.com/International_Directory_of_Rabbinical_Courts.shtml

[5] available at https://bethdin.org/wp-content/uploads/2019/07/Jewish-Law-Civil-Procedure-A-Comparative-Study-by-Rabbi-Yona-Reiss.pdf

4

conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004).

**IV.     The Magistrate Judge's Order Is Contrary to Case Law**

The Magistrate Judge's order is contrary to law. The Order denying the stay of discovery also fails to acknowledge relevant (much less apply) well-established case law staying discovery pending a decision on the motion to compel arbitration (ECF. No. 7). For these reasons, the Magistrate Judge's Order should be set aside pursuant to Fed. R. Civ. P. Rule 72(a)

The fact is that courts almost always stay discovery when there is a pending motion to compel arbitration. *See e.g.*, *Ahmad v. Day*, No. 20 Civ. 4507, 2021 U.S. Dist. LEXIS 32401, at *2 (S.D.N.Y. Feb. 22, 2021); *Ross v. Bank of Am., N.A.*, 2006 WL 36909, at *1 (S.D.N.Y. 2006); *Intertec Contracting Turner Steiner Intern.*, S.A., No. 98 Civ. 9116, 2001 WL 812224, at *7 (S.D.N.Y. Jul. 18, 2001) (district courts generally stay discovery while a motion to compel arbitration is pending). Even outside this Circuit, "Courts routinely grant stays pending the determination of a motion to compel arbitration, because unless discovery is stayed, [the movant] will forever lose the advantages of arbitration—speed and economy." *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 16 Civ. 02805, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (citations omitted); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004).

This is consistent with other holdings that when a dispositive motion would remove the litigation to another forum (*e.g.*, forum *non conveniens* or a motion to transfer), good cause requires a stay. The only exception, as far as the undersigned counsel can tell from a review of the case law, is when courts order narrowly-tailored discovery on issues related to arbitrability (such as discovery on the formation of the contract). *See, e.g.*, *Ahmad*, 2021 U.S. Dist. LEXIS 32401, at

*3. This is consistent with the framework of the FAA which allows limited discovery in connection with a motion to compel arbitration such as "if the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue." 9 U.S.C. § 4.

The Magistrate Judge did not discuss or distinguish any of this case law when deciding the motion to stay arbitration and, thus, committed clear error. The Magistrate Court did not acknowledge that there is no prejudice to the plaintiff from a temporary stay. Indeed, if "the Court ultimately determines that the dispute should be arbitrated, responsibility for the conduct of discovery lies with the arbitrators— and if not, [the non-movant] will suffer no prejudice from a temporary stay." *Id.* On the other hand, the harm to the arbitration and parties cannot be undone if the disputes are later found to be arbitrable. For these reasons, courts have held that discovery should be stayed pending a motion to compel arbitration absent compelling reasons to deny it. *See, e.g.*, *Ahmad*, 2021 U.S. Dist. LEXIS 32401, at *3.

An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Dorsett v. Cnty. of Nassau*, 800 F. Supp. 2d 453, 456 (E.D.N.Y. 2011). The Magistrate Judge's order is contrary to law because it fails to consider any of this case law and the practice of courts in this District for the last three decades.

## IV. The Magistrate Judge's Order Rests on Clear Error

Surprisingly, the Magistrate Judge looked into the merits of the motion to compel arbitration pending before this Court and based the Order on his determination of that motion (which had not even been fully briefed). *See* Tr. at 2; *id.* at 5 ("I believe that the defendants will be unsuccessful in their motion before [Judge Seybert] to compel arbitration, and I'm not holding up this case."). The Order states as the basis for the decision not to stay discovery that "the motion

[to compel arbitration] is unlikely to succeed in the absence of an ascertainable agreement to arbitrate." ECF No. 14.

While it is true that there is a line of cases <u>outside</u> the context of arbitration that look at the underlying merits of the motion to dismiss (that is, when it is a motion to dismiss is under Fed. R. Civ. P. 8), courts often do not apply this test when a motion to compel arbitration is pending. Even if it did apply, the Magistrate Court misapplied this test in at least three ways.

*First*, the court did not consider all three factors in determining whether to stay discovery. This alone is clear error. Under this three-factor test, courts consider: (1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion. *See Al Thani v. Hanke*, No. 20 Civ. 4765, 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021). The Magistrate Judge committed clear error by completely ignoring the first two factors -- particularly as they obviously weighed in favor of staying discovery. The breadth of discovery sought is as broad as possible under the Federal Rules. Plaintiff seeks, and the Magistrate Judge has allowed, full-discovery. The prejudice to Defendants is also more than substantial. Defendants have moved to compel arbitration before on the ground that they agreed with the Plaintiff to resolve any disputes in accordance with their own religious law and before religious authorities. Put simply, this process allows them to resolve disputes in accordance with shared religious principles and values and limits the impact of the dispute in their religious community. Requiring discovery outside of this process obviously prejudices Defendants as they seek to honor their own religious values.

*Second*, the Magistrate Judge applied too strenuous of a test when looking at the merits of the motion to compel arbitration. Defendants' motion to compel arbitration presents more than "substantial arguments for dismissal," which is all that is required to meet this factor. *See, e.g.*, *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y.

2013). Plaintiff agreed to arbitrate any disputes arising from the contract with Defendants in a religious arbitration. This agreement is documented in emails, text messages and the arbitration agreement itself. From these facts, there is certainly a substantial argument that arbitration was agreed upon by the parties and that this action should be stayed or dismissed pending arbitration.

Indeed, it bears emphasizing that the other way courts have framed this test is whether the motion "appears to be not unfounded in the law." *Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13 Civ. 6362, 2014 WL 6883529, at *4 (E.D.N.Y. Dec. 3, 2014) (quotation marks and citation omitted). Thus, courts have long held that a stay of discovery should be granted if a motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law." *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994). These courts stay discovery without the "attempt to predict the outcome of the motion to dismiss," *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *see also Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting a motion to stay discovery pending a motion to dismiss without any analysis).

*Third*, and finally, even if this Court looks to the merit of the motion to compel arbitration, as the Magistrate Judge's Order does, one is still "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004). Plaintiff and Defendant agreed to arbitrate their business dispute in the Bais Din in accordance with Jewish law (referred to as *halakha*). Pursuant to this agreement, and the well-established customs of Orthodox Judaism, Plaintiff selected the initial forum and had a summons issued. In particular, Plaintiff selected the Bais HaVaad Halacha Center (https://baishavaad.org). Defendants objected to this forum and offered two other fora. Plaintiff rejected these fora and, thus, under the rules of Bais Din the dispute

proceeds to *Zabla Bais Din*: each party picks an arbitrator and those two arbitrators pick a third one.

Defendants did not sign the arbitration agreement presented to them by a specific bais din because they object to having that specific bais din resolve the dispute. But this is a far cry from saying that the parties have not agreed to Bais Din or that such agreement cannot be ascertained. When parties agree to Bais Din, they have agreed to the mechanism for selecting the forum. This fact is reflected in the emails from the Rabbi overseeing the process. *See* Dkt 7-5.

Because the Magistrate Judge delved into the merits of a motion that has not been fully briefed, the Order also failed to consider that pleadings at the Bais Din are largely verbal, not written. Indeed, according to many rabbis, the Talmud prefers verbal pleadings for both practical reasons (written procedures involved too much expense) and because "written documents can conceal or manipulate the facts, whereas pleading in person enables a judge to penetrate the mind of the litigants." Rabbi Dr. Raymond Apple, What is a Din Torah?, JWire (July 17, 2017) available at https://www.jwire.com.au/what-is-a-din-torah/ (explaining the procedures); *see also* Charles B. Wagner, Gregory M. Sidlofsky and Rachael Kwan, *Advising the Orthodox Jewish Litigant*, 46 <u>The Advocates' Quarterly</u> 135-59 (2016).[6]

The level of formality required by the Magistrate Judge who asked for a written agreement selecting the forum is antithetical to Orthodox Judaism and threatens the manner in which two people practicing the same religion reach an agreement to resolve their disputes including the particular forum (*i.e.*, arbitrators). One purpose of the initial bais din is to ensure that everything is done according to Jewish law and is thus valid. This includes the selection of the specific bais din (which then selects the *dayanim*) or, if need be, *Zabla Bais Din.*

---

[6] Available at https://www.wagnersidlofsky.com/wp-content/uploads/advising-orthodox-jewish-litigant.pdf

9

## V. CONCLUSION

For the reasons above, the Magistrate Judge's Order should be set aside and discovery should be stayed pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

Dated: New York, NY
      October 25, 2021

                                            Respectfully submitted,

                                            /s/ Bryce Jones
                                            T. Bryce Jones, Esq.
                                            1270 Ave of the Americas, 7th Fl
                                            New York, NY 10020
                                            (212) 258-0685
                                            bryce@joneslawnyc.com
                                            *Attorneys for Defendants*