Jones
Law Firm P.C

October 28, 2021

The Honorable Joanna Seybert
United States District Judge
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

> **Re: Motion for Emergency Consideration of Objection to Magistrate Judge's Order Denying Stay of Discovery Pending Decision on Motion to Compel Arbitration in** *Siegel v. Milstein et al.*, **No. 21 Civ. 04032 (E.D.N.Y.)**

Judge Seybert:

Pursuant to 28 U.S.C. § 1657(a), Defendants move for emergency consideration of their Objections to the Magistrate Judge's denial of Defendants' Motion to Stay Discovery. Defendants moved to stay discovery pending this Court's decision on Defendants' Motion to Compel Arbitration. *See* ECF No. 17 (Defendants' objections); ECF No. 14 (Magistrate Judge's Order); ECF No. 7 (Defendants' motion to stay). Emergency consideration, even if the Court denies the relief Defendants ask for, would at least allow the Defendants to appeal to the Second Circuit before the first discovery deadline of November 3rd, 2021. Absent emergency consideration, Defendants will have to petition for a *writ of mandamus* to preserve their rights.

Emergency consideration is warranted when a party shows that "a right under the Constitution of the United States or a Federal Statute would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657(a); *see generally Freedom Commc'ns. Inc. v. FDIC*, 157 F.R.D. 485, 486-87 (C.D. Cal. 1994) (explaining the distinct function of § 1657). The "legislative history of section 1657(a) provides that 'good cause' should be found . . . in a case in which failure to expedite would result in mootness or deprive the relief requested of much of its value . . . ." *Ontario Forest Indus. Assoc. v. United States*, 444 F. Supp. 2d 1309, 1319 (Court of Int. Trade 2006) (quoting H. Rep. No. 98-985, at 6 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 5779, 5784 (footnotes omitted)).

Defendants have asserted their right to arbitration as well as a stay of this action under the Federal Arbitration Act ("FAA"), 9 U.S. Code § 1-16. The FAA mandates stays of proceedings in district courts when an issue in the proceeding is arbitrable. *See* 9 U.S.C. § 3. Thus, if this Court finds that Plaintiff should be compelled to arbitration, Defendants will have the right to a stay under federal law. Indeed, it is for this reason that courts in this Circuit stay discovery while a motion to compel arbitration is pending. *See Intertec Contracting Turner Steiner Intern.*, S.A., No. 98 Civ. 9116, 2001 WL 812224, at *7 (S.D.N.Y. Jul. 18, 2001) (district courts stay discovery after a motion to compel arbitration with limited, specific exceptions related to determining whether the parties agreed to arbitration).

Defendants' request for emergency consideration has merit. Defendants timely filed their objections on October 25, 2021. *See* ECF No. 17. Pursuant to Fed. R. Civ. P. 72(b)(2), Plaintiff has 14 days to respond (*i.e.*, Tuesday, November 9, 2021). However, the Magistrate Judge has ordered discovery to begin on November 3, 2021. *See* ECF No. 14 (ordering discovery to begin and that "Rule 26 disclosures will be served by November 3, 2021"). Absent expedited consideration, Defendants' objections as well as the motion to compel arbitration will be rendered moot -- one of the very harms that 28 U.S.C. § 1657(a) was passed to prevent.

Moreover, the individual defendants in this case, Yaakov Milstein and Avrohom Y. Sorotzin, practice Orthodox Judaism and they will be irrevocably harmed by being forced to participate in a secular court after having agreed to *beis din* under Jewish law (*Halacha*). "The term Beis Din means 'house of judgment' and refers to a rabbinical court of justice that adjudicates disputes according to the principles set out in the Torah and the Talmud." Charles B. Wagner, Gregory M. Sidlofsky and Rachael Kwan, *Advising the Orthodox Jewish Litigant*, 46 The Advocates' Quarterly 135, 142 (2016) ("*Wagner et al.*").

Courts have held that two parties' agreement to proceed in *beis din* is an agreement to arbitrate. *See Matter of Spilman v. Spilman*, 273 A.D.2d 316 (2d Dept. 2000) ("The parties agreed to submit their controversy to a religious arbitration tribunal known as a Beth Din which adjudicates disputes according to Jewish law and custom."). Agreeing to beis din includes the widely-recognized, specific and uniform procedure for selecting the specific arbitrators to resolve the dispute, which Plaintiff inexplicably rejected (after having initiated the beis din. *See* ECF No. 18 (reply brief explaining *Halacha* (Jewish law) and beis din).

The harm to Defendants is more than substantial. "It is a fundamental belief of Orthodox Judaism that G-d gave the Jewish people the Torah at Mount Sinai and that those holy laws govern every aspect of a Jew's life, including the adjudicating of disputes." *Wagner et al.*, 46 The Advocates' Quarterly at 142. "To adherents of that belief, litigating in the civil court system constitutes a rejection of Torah law. Jewish law mandates that disputes between Jews are to be resolved through the Beis Din." *Id;*

Emergency consideration, even if this Court should rule against Defendants, will preserve Defendants' rights to appeal the denial of the stay to the Second Circuit. If this Court does not consider

the Defendants' objection on an emergency basis, this would deprive them of the right to appeal before substantial harm is visited upon them. Indeed, the harm is substantial enough that Defendants intend if this Court does not act on an emergency basis to seek a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651, and Rule 21 of the Federal Rules of Appellate Procedure. Although a writ of mandamus is an extraordinary remedy, the Second Circuit has recognized that "mandamus provides a logical method by which to supervise the administration of justice within the Circuit" in cases in which "a discovery order present[s] an important question of law." *In re von Bulow*, 828 F.2d 94, 97 (2d Cir. 1987).

Emergency consideration of Defendants' Objections will, at worst for Defendants, allow the Second Circuit to consider this Court's decision as part of an emergency appeal of a stay rather than considering inaction in deciding the petition for a writ of mandamus. If the Court overturns the Magistrate's Order and grants the stay of discovery, it will conserve limited judicial resources until this Court issues its decision on the Motion to Compel Arbitration.

Respectfully submitted,

/s/ Bryce Jones
T. Bryce Jones, Esq.
Jones Law Firm, P.C.
1270 Ave of the Americas, 7th Fl
New York, NY 10020
(212) 258-0685
bryce@joneslawnyc.com
*Attorney for Defendants*