KRAUSE & ASSOCIATES, P.C.
*Attorneys At Law*
45 Broadway – 27th Floor
New York, New York 10006
Tel: 212-269-7000
Fax: 212-269-7514

October 29, 2021

*Via ECF only*

Honorable Joanna Seybert
United States District Judge
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

        Re: *Siegel v Milstein et al*, Docket # 2:21-cv-04032-JS-SIL

Dear Judge Seybert:

        We represent plaintiff, Elliot Siegel, and respectfully request permission to file a sur-reply to respond to defendants' reply papers in support of their motion to compel arbitration. Permission should be granted for the following reason.

        In their moving papers, defendants chose to skirt a key issue pertaining to their motion to compel arbitration. The issue, apparent on the face of their motion papers and exhibits, was why plaintiff's unsuccessful attempt to resolve the present controversy with defendants before a *particular* rabbinical panel – the attempt explicitly rejected by defendants - amounts to plaintiff and defendants supposedly agreeing to resolve their differences by some other rabbinical arbitration panels. Instead, they chose to argue in general terms that there was an agreement to arbitrate by rabbinical arbitration utterly ignoring the fact that the plaintiff's attempt to arbitrate ostensibly amounted only to an offer to defendants to arbitrate in a *particular* rabbinical forum, the offer they rejected three times.

        Yet now in their reply, defendants finally address the issue. Essentially, they now claim that supposedly under the "uniformly understood" [*see defendants' reply, footnote 10*] convention in the Orthodox Jewish community derived from the *Halacha* [Jewish religious beliefs], plaintiff's past attempt to arbitrate before a particular rabbinical forum and defendants' rejection of the forum and their counteroffer to arbitrate before alternative forums nevertheless amounted to parties' agreement to proceed under the "Beis Din system." Defendants now invite this Court to conduct "an evidentiary hearing to present experts on Beis Din to prove the widespread understanding that

once a party starts [proceedings in] a particular Beis Din, they cannot refuse a Zabla Beis Din and proceed to secular court." See defendants' reply, page 3 and, in addition, footnote 10 .

Because defendants' initial moving papers did not contain this argument about the existence of this supposed "uniform understanding," rooted in the *Halacha* (Jewish religious belief), shared by the members of the Orthodox Jewish community, plaintiff did not have an opportunity to respond to it.

Plaintiff respectfully asks this Court for leave to file a brief sur-reply making the following three points.

- Under the United States Constitution, courts are not permitted to resolve controversies in a manner requiring consideration of religious doctrine. *Presbyterian Church v. Hull Church*, 393 U.S. 440, 449 (1969). Thus, in a case very similar to ours, a United States District Court rejected Defendants' precise argument and declined to compel arbitration. *Medrite Care, LLC v. Medrite 243 LLC*, 2020 WL 3962010, at *1 (S.D.N.Y. 2020).

- Defendants misconstrue the holding of the Second Circuit's decision in *In re Salomon Inc. Shareholders' Derivative Litig.*, 68 F.3d 554, 554 (2d Cir. 1995). Under the holding[1], if the parties to an arbitration agreement designate a specific arbitration forum, it should be read that the parties intended to arbitrate *exclusively* before the forum, and it does not express any intention to arbitrate *generally*, or arbitrate before a *substitute* forum. *Moss v. BMO Harris Bank, N.A.*, 114 F.Supp.3d 61, 67 (E.D.N.Y. 2015). It is so regardless whether the language of the agreement uses the words "only" or "exclusively" when designating the forum. *Id*.

- Defendants fault plaintiff for not agreeing to "Zabla Beth Din," (where each party chooses an arbitrator and then the chosen arbitrators choose a third member of the panel). However, defendants fail to mention that <u>they themselves refused</u> to arbitrate by "Zabla Beis Din." The emails they attach to their moving papers plainly say so. Thus, even if arguendo, defendants' claims about the "uniformly understood" convention are accurate (they are not), there was no agreement to proceed under the "Beis Din System."

Plaintiff does not plan to address any issues relating to the workings of rabbinical panels or the *Halacha* concepts as these issues are not relevant to this case. It is worth mentioning though that it strains credulity that there exists a "uniformly understood" convention regarding the issues of the Beis Din practices among Orthodox Jews. Just like any religious group, a community of self-identified Orthodox Jews is not a homogenous group professing the exact same beliefs. It is also obvious that even if every member professed the same exact beliefs not every Orthodox Jew may have the same level of knowledge of the beliefs, as some members are more learned than the

---

[1] Some circuit courts came to the opposite conclusion on the issue than the Second Circuit. Accordingly, the caselaw cited by Defendants from outside the circuit is besides the point.

other ones. Also, just like many people never become a party to a lawsuit, presumably so too many Orthodox Jews never become a party in a Beth Din proceeding to be familiar with the process. So, just like one would not expect the knowledge of a court's procedural rules on the part of a non-lawyer, one should not expect the knowledge of a Beis Din process on the part of an Orthodox Jew.

Accordingly, Plaintiff respectfully asks the Court to file a sur-reply to respond to defendants' new allegations.

Thank you for your time and consideration.

Respectfully,

Bryan Goldstein