UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ELLIOT SIEGEL,

                Plaintiff,

  -against-

YAAKOV MILSTEIN, AVROHOM Y.
SOROTZKIN, and J SYNERGY GREEN,
INC.,

                Defendants.
-----------------------------------------------------X

Case No.: 2-21-cv-04032-JS-SIL

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' OBJECTION TO THE ORDER OF HON. STEVEN I. LOCKE, UNITED STATES MAGISTRATE JUDGE, DENYING DEFENDANTS' MOTION TO STAY DISCOVERY**

Bryan Goldstein
Krause & Associates, P.C.
Attorneys for Plaintiff
45 Broadway, 27th Floor
New York, NY 10006
Tel: (212) 269-7000
Fax: (212) 269-7514
Email: leonidkrimsky@gmail.com

## INTRODUCTION

Plaintiff Elliot Siegel respectfully submits this memorandum of law in response to the objections submitted by defendants Yakov Milstein, Avrohom Y. Sorotzkin, and J. Synergy Green, Inc., to the order of the Honorable Steven I. Locke, United States Magistrate Judge, denying defendants' motion to stay discovery until this Court decides their motion to compel arbitration. According to Judge Locke, discovery should not be stayed because defendants are "unlikely to succeed [on their motion to compel arbitration] in the absence of an ascertainable agreement to arbitrate."

Plaintiff respectfully requests that this Court reject defendants' objections. To put it mildly, defendants' motion to compel arbitration is merely based on pie-in-the-sky arguments and such a motion should not entitle one to stay discovery and delay resolution of a case. Therefore, Judge Locke's ruling should be affirmed.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. Rule 72(a), a district court reviewing an appeal from a magistrate judge's order that resolved a non-dispositive motion applies a "clearly erroneous or contrary to law" standard. This standard is only met when the entire evidence leaves the district court "with the definite and firm conviction that a mistake has been committed." *FDIC v. Providence Coll.*, 115 F.3d 136, 140 (2d Cir. 1997) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525,

92 L.Ed. 746 (1948); *see also LaVigna v. State Farm. Mut. Auto. Ins. Co.*, 736 F.Supp.2d 504, 509-10 (N.D.N.Y. 2010) (district court will generally defer to magistrate judge and overrule only if discretion is clearly abused). A district court may not look beyond the factual record presented to the magistrate judge. *Thai Lao Lignite (Thai.) Co. v. Laos*, 924 F.Supp.2d 508, 511 (S.D.N.Y. 2013) ("Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge.")

**ARGUMENT**

Judge Locke's Order denying defendants' motion to stay discovery should be affirmed. Defendants base their motion to compel arbitration on the alleged existence of an arbitration agreement whose existence and content can only be inferred from the conduct of the parties. Judge Locke correctly found, based on defendants' submissions, that the existence or content of the alleged agreement cannot be sufficiently ascertained and thus defendants' motion to compel arbitration pending before this Court was unlikely to prevail and stay of discovery was not warranted.

In their motion to compel arbitration, defendants contend that plaintiff agreed to arbitrate any disputes arising from his employment relationship with defendants by *beth din* (rabbinical panel) arbitration. See paragraph 5 of defendants' attorney declaration, as Docket Document No. 7-1. Defendants further contend that "this

3

agreement is documented in emails, text messages and the arbitration agreement itself." See paragraph 7 of defendants' attorney declaration, as Docket Document No. 7-1. In particular, defendants allege that "not only was a Beis Din agreed upon, but the process of arbitration had also begun as dates and arbiters were being discussed amongst the parties and the arbitration Rabbi." See page 1, paragraph 2 of defendants' statement of facts, as Docket Document 7-3. In support of their motion, defendants attached copies of the emails, texts, and arbitration agreement document purportedly showing the agreement to arbitrate. See Exhibit B to defendants' memorandum of law, as Docket Document 7-5.

However, the proof submitted by defendants' shows the exact opposite: that no agreement to arbitrate was ever reached. See Exhibit B to defendants' memorandum of law, as Docket Document 7-5. In a nutshell, defendants' proof shows that before filing this suit, plaintiff offered defendants an opportunity to arbitrate his present claims before a *particular* rabbinical panel. Plaintiff approached a local rabbinical panel and arranged for the panel to summon defendants for an arbitration hearing. Defendants refused to appear before the panel and refused to sign an arbitration agreement when asked to do so by the rabbinical panel's administrator. Defendants also refused to proceed by *Zabla* (where each party chooses an arbitrator and the third arbitrator is selected by the arbitrators chosen by the parties). Instead, defendants offered to arbitrate the claims before two rabbinical

4

panels of their choice, which was rejected by plaintiff. Defendants specifically conditioned their participation in rabbinical panel arbitration to plaintiff agreeing to arbitrate before their chosen panels. In the words of defendant Sorotzkin (email dated April 23, 2021 attached to defendants' motion to compel arbitration. "[I]f you want to go to Beis Din [rabbinical arbitration] you have to choose one of these options" referring to either "Tzedek UMishpat" or "Machon LeOraha" rabbinical panels. See email dated April 23, 2021, attached to Defendants' motion as Docket Document No. 7-5. Based upon these facts, defendants incredibly conclude that arbitration was agreed upon by the parties and that this action should be stayed or dismissed pending arbitration.

Plaintiff does not dispute that courts routinely grant stay motions when there is pending a motion to compel arbitration. However, courts only do so when a defendant's motion to compel arbitration "appears not to be unfounded in the law." See, *Alvarez v. Experian Information Solutions, Inc.*, 2021 WL 2349370, at *2 (E.D.N.Y. 2021). Here defendants' motion is not made in good faith and is unfounded in law.

Under the FAA, on a motion to compel arbitration, the movant bears a burden of proving the existence of an arbitration agreement by the preponderance of evidence. See, *Butto v. Collecto Inc.*, 802 F.Supp.2d 443, 446 [E.D.N.Y. 2011]). However, where the purported agreement to arbitrate is an oral agreement and as

5

such it is not subject to the FAA, New York contract law specific to oral agreements to arbitrate is applicable, which imposes a heavy burden of proving the existence and content of the agreement. See, *Basis Yield Alpha Fund (Master) v Goldman Sachs Group*, 115 A.D.3d 128, 132-133 (N.Y. App. Div. 1st Dept. 2014) (internal citations omitted).

Judge Locke correctly found, after considering defendants' submissions, that considering the evidence in the light most favorable to the plaintiff, defendants' purported agreement to arbitrate is not ascertainable and thus their motion was unlikely to be granted and stay was not warranted.

Defendants fault Judge Locke's for not considering all three factors that courts generally consider on a motion to stay discovery when a dispositive motion is pending. Generally, courts consider: *first,* whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious, *second,* the breadth of discovery and the burden of responding to it, and *third,* the risk of unfair prejudice to the party opposing the stay. *Alvarez v. Experian Information Solutions, Inc.*, 2021 WL 2349370, at *1 (E.D.N.Y. 2021).

However, in their stay application, defendants themselves cited cases where a court ruled on a stay discovery application without considering all three factors. See, *Ahmad v. Day*, No. 20 Civ. 4507, 2021 U.S. Dist. LEXIS 32401, at *2 (S.D.N.Y. Feb 22, 2021); *Intertec Contracting Turner Steiner Intern., S.A.*, No. 98 Civ. 9116

(CSH) 2001 WL 812224, at *7 (S.D.N.Y. Jul. 18, 2001). More importantly, implicit in Judge Locke's finding that the motion will likely not prevail is that delaying the case during consideration of a motion unlikely to prevail will impose unfair prejudice on plaintiff. So too, the burden on defendants in responding to discovery is almost nonexistent as they will most likely will have to respond to the discovery in any event after their motion will be decided by the Court. Thus, even if Judge Locke did not expressly address all the factors on the record, he obviously considered it.

## CONCLUSION

In light of the above, Judge Locke's ruling should be affirmed.

Dated: New York, New York
November 1, 2021

Respectfully,

Bryan Goldstein
Krause & Associates, P.C.
Attorneys for Plaintiff
45 Broadway, 27th Floor
New York, NY 10006
Tel: (212) 269-7000
Fax: (212) 269-7514
Email: leonidkrimsky@gmail.com

To: T. Bryce Jones, Esq.
Jones Law Firm, P.C.
Attorney for Defendants
Via ECF only