```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
ELLIOT SIEGEL,

                Plaintiff,                    MEMORANDUM & ORDER
                                              21-CV-4032 (JS)(SIL)
      -against-

YAAKOV MILSTEIN, AVROHOM Y.
SOROTZIN, and J Synergy Green,
Inc.,

                Defendants.
-------------------------------X
APPEARANCES
For Plaintiff:      Bryan Goldstein, Esq.
                    Krause & Associates
                    45 Broadway, 27th Floor
                    New York, New York 10006

For Defendants:     Tanner Bryce Jones, Esq.
                    Jones Law Firm, P.C.
                    1270 Avenue of the Americas, 7th Floor
                    New York, New York 10020
```

SEYBERT, District Judge:

Plaintiff Elliot Siegel ("Plaintiff") commenced this action against Defendants Yaakov Milstein ("Milstein"), Avrohom Y. Sorotzin ("Sorotzin"), and J Synergy Green, Inc. ("JSG," and together with Milstein and Sorotzin, the "Defendants"), alleging claims arising under New York State law, the Fair Labor Standards Act, and the Wage Theft Prevention Act due to Defendants' breach of Plaintiff's employment contract. (See Compl., ECF No. 1-1, at ¶¶ 6-55.) Currently pending before the Court are: (1) Defendants' motion to compel arbitration (Defs. Mot. Compel, ECF No. 7); (2) Plaintiff's motion for leave to file a sur-reply to the motion

1

to compel (Pl. Mot., ECF No. 20); (3) Defendants' objections to Magistrate Judge Locke's Order denying their motion to stay discovery pending the resolution of the motion to compel arbitration (Defs. Objs., ECF No. 17); and (4) Defendants' motion for this Court to expedite its decision on their objections to Judge Locke's Order (Defs. Mot. Expedite, ECF No. 19).

For the following reasons, Defendants' motion to compel arbitration is DENIED and Plaintiff's motion for leave to file a sur-reply is GRANTED, in part, to the extent the Court will consider the arguments raised in Plaintiff's motion as its sur-reply. Defendants' objections to Judge Locke's Order are OVERRULED and their motion to expedite is DENIED as moot.

PROCEDURAL BACKGROUND

On July 17, 2021, Defendants removed this action from the Supreme Court of the State of New York, County of Nassau. (Removal Notice, ECF No. 1.) On September 20, 2021, Defendants filed a motion to compel arbitration to Beis Din, a type of Jewish religious tribunal. (See Defs. Mot. Compel at 1.) According to Defendants, the parties have a written agreement to arbitrate this matter. (See Defs. Mem., ECF No. 7-3, at 3.) Although Defendants admit that the Arbitration Agreement (the "Agreement") is not signed, they contend that the Agreement is enforceable based upon a series of emails and text messages between the parties which evidence their intent to arbitrate. (See Arbitration Agreement,

2

Ex. A, ECF No. 7-4, attached to Jones Decl.; Emails & Text Msgs., Ex. B, ECF No. 7-5, attached to Jones Decl.)  Plaintiff opposes the motion, arguing that despite several attempts, the parties did not reach an agreement to arbitrate because they did not agree which Beis Din would hear their dispute.  (See Pl. Opp'n, ECF No. 13-5, at 7.)  Defendants submitted a reply (see Defs. Reply, ECF No. 18), and Plaintiffs submitted a letter motion for leave to file a sur-reply.  (See Pl. Mot.)

After Defendants filed their motion to compel arbitration, they filed a motion to Judge Locke requesting a stay of discovery pending this Court's resolution of the motion to compel.  (See Defs. Stay Mot., ECF No. 11.)  Judge Locke held an Initial Discovery Conference on October 13, 2021 and denied Defendants' motion for a stay because he "d[id] not believe that there's an agreement to arbitrate . . . [and] believe[d] that the defendants will be unsuccessful in their motion" to compel before this Court.  (See Min. Order, ECF No. 14; Transcript, ECF No. 16, at 5:20-23.)  Judge Locke then implemented a schedule for the completion of discovery in this case.  Among other deadlines, the schedule provides for Rule 26 disclosures to be served by November 3, 2021, initial discovery requests to be served by November 17, 2021, and responses to those requests to be served by December 20, 2021.  (Id.)

3

On October 25, 2021, Defendants filed objections to Judge Locke's order denying the motion for a stay. (See Defs. Objs.) According to Defendants, courts commonly grant stays of discovery during the pendency of a motion to compel arbitration. (Id. at 1-2.) Three days later, on October 28, 2021, Defendants filed a motion for this Court to consider the objections on an emergency basis and to issue a decision prior to November 3, 2021, the deadline for Rule 26 disclosures to be served. (See Defs. Mot. Expedite at 1.) Plaintiff has yet to file a response to either the Defendants' objections or the motion to expedite.

## ANALYSIS

I.  Motion to Compel Arbitration

   A.  Legal Standard

When analyzing a motion to compel arbitration, the Court applies "a standard similar to that applicable for a motion for summary judgment." Meyer v. Uber Techs., Inc., 868 F.3d 66, 74 (2d Cir. 2017) (internal quotation marks and citation omitted). Under the summary judgment standard, the court considers "all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, and draws all reasonable inferences in favor of the non-moving party." Id. (internal quotation marks and citations omitted). "[W]here the undisputed facts in the record require the matter of arbitrability

to be decided against one side or the other as a matter of law, [courts] may rule on the basis of that legal issue and avoid the need for further court proceedings." Id. (internal quotation marks omitted).

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq., expresses the strong federal policy favoring arbitration. Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d 115, 121 (2d Cir. 2010). The FAA states that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; see also Ragone, 595 F.3d at 121. In keeping with this policy, the Court resolves any doubts in favor of arbitration and enforces privately negotiated arbitration agreements in accordance with their terms. See Collins & Aikman Prods. Co. v. Bldg. Sys., Inc., 58 F.3d 16, 19-20 (2d Cir. 1995). Under the FAA, arbitration must be compelled where (1) a valid agreement to arbitrate exists, and (2) the agreement encompasses the claims at issue. Bank Julius Baer & Co. Ltd. v. Waxfield Ltd., 424 F.3d 278, 281 (2d Cir. 2005), abrogated on other grounds by Granite Rock Co. v. Int'l Bhd. Of Teamsters, 561 U.S. 287 (2010).

B. Analysis

The sole issue raised by the parties is whether there is an enforceable agreement to arbitrate. "[A] party cannot be required to submit to arbitration any dispute which he has not

5

agreed so to submit." AT&T Techs. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986) (internal quotation marks and citation omitted). "Arbitration under the [FAA] is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit." Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ., 489 U.S. 468, 479 (1989). "'When deciding whether the parties agreed to arbitrate a certain matter,' a district court must 'apply ordinary state-law principles that govern the formation of contracts.'" Medrite Care, LLC v. Medrite 243 LLC, No. 20-CV-3456, 2020 WL 3962010, at *2 (S.D.N.Y. July 13, 2020) (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). District courts consider the parties' "expressed words and deeds" in deciding whether a contract was formed. Kolchins v. Evolution Markets, Inc., 31 N.Y.3d 100, 106 (N.Y. 2018) (quoting Brown Bros. Elec. Contrs. v. Beam Constr. Corp., 41 N.Y.2d 397, 399 (N.Y. 1977)).

"To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." Express Indus. & Terminal Corp. v. N.Y. State Dep't of Transp., 93 N.Y.2d 584, 589 (N.Y. 1999). "In considering whether a binding contract exists, 'the first step is to determine whether there is a sufficiently definite offer such that its unequivocal acceptance will give rise to an enforceable

contract.'" Kolchins, 31 N.Y.3d at 106 (quoting Brown Bros. Elec., 41 N.Y.2d at 399). "It is black letter law that the offeror controls the terms of acceptance. Thus, a purported acceptance that modifies the terms of the offer is 'equivalent to a rejection and counteroffer.'" Medrite Care, 2020 WL 3962010, at *2 (quoting Robison v. Sweeney, 753 N.Y.S.2d 583, 586 (N.Y. App. Div. 3d Dep't 2003) (internal citation omitted)).

Defendants are moving to compel arbitration pursuant to a written instrument titled "Arbitration Agreement." The pertinent parts of the Agreement provide:

> We the undersigned hereby agree to submit to binding arbitration all the controversies (claims and counter claims) between the undersigned parties including but not limited to the following controversy: Any and all disputes between them.
>
> We further agree that the controversy be heard and determined by a panel of three arbitrators ["the Beis Din"], selected by the Bais Havaad Rabbinical court.

(See Arbitration Agreement at 1 (alteration in original)). It is an undisputed fact that the Agreement was never signed by the parties. Although an unsigned arbitration agreement may be enforceable under certain circumstances, see Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840, 846 (2d Cir. 1987), the Court finds that the Agreement is not a binding contract between the parties under New York law.

Plaintiff initiated discussions between the parties to arbitrate and to do so before a particular rabbinical panel, the "Bais Havaad Rabbinical Court." At Plaintiff's request, three summonses to arbitrate before the Bais Havaad were sent to Defendants between January 20, 2021 and February 8, 2021. (See Summonses, Ex. A, ECF No. 13-2, attached to Goldstein Decl.) In email correspondence provided to the Court, Rabbi Dovid Housman, the administrator of the Bais Havaad, asked Defendants to sign the Arbitration Agreement three times, on February 22, 2021, March 24, 2021, and April 20, 2021. (See Emails & Text Msgs. at 7-8.) On each of those dates, Defendants asked Rabbi Housman for additional time to review the matter. (See id. at 5-6, 8.) Rabbi Housman became frustrated with Defendants' requests to delay the case, stating that "[t]his . . . has been proceeding for several months" and "to now require another few weeks absent an explanation, hardly appears sincere." (Id. at 4.) It was not until then that Defendants proposed two Beis Dins as alternatives to the Bais Havaad, the "Tzedek Umishpat" or the "Machon Leoraha," and advised Plaintiff that "[i]f you want to go to Beis Din[,] you have to choose one of th[o]se options." (Id. at 3-4.) Plaintiff promptly rejected Defendants' proposal, stating those "choices do not work." (Id.)

The Arbitration Agreement that Defendants ask the Court to enforce specifically states that the signatories agree for their

8

case to be heard by a panel of arbitrators selected by the Bais Havaad. (See Arbitration Agreement at 1.) However, Defendants concede they objected to Plaintiff's proposal because they "did not want to give up their right to select their own arbitrator." (See Defs. Reply at 5.) As such, Defendants responded to Plaintiff's offer to arbitrate before the Bais Havaad by declining to proceed before that tribunal and offering to proceed before the Tzedek Umishpat or the Machon Leoraha instead. Put differently, Defendants changed or qualified the terms of Plaintiff's offer to arbitrate before the Bais Havaad which constitutes a rejection and counteroffer pursuant to New York law. See Medrite Care, 2020 WL 3962010, at *3 ("[F]or an acceptance to be effective, it must comply with the terms of the offer and be clear, unambiguous and unequivocal." (quoting King v. King, 617 N.Y.S.2d 593, 594 (N.Y. App. Div. 3d Dep't 1994))).

Defendants contend that a specific, arbitral forum or a particular Beis Din does not need to be selected for an arbitration agreement to be enforceable pursuant to Jewish law. (See Defs. Reply at 2-7.) The Court disagrees. In Medrite Care, LLC v. Medrite 243 LLC, the court found that even if the parties had an agreement to arbitrate before a Beis Din, their agreement to arbitrate was unenforceable because they had not agreed to which Beis Din would hear their dispute. See Medrite, 2020 WL 3962010, at *1-4. The Medrite plaintiffs served the defendants with a

9

summons to appear before a Beis Din but the defendants responded by serving their own summons to appear before their preferred Beis Din. Id. at *1-2. The court found that the parties had not agreed to all material terms but rather had competing offers and "an agreement to agree[] to proceed before a forum 'left for future negotiations.'" Id. at *4. As such, the Medrite court determined that there was no "manifestation of mutual assent" because the parties did not agree to all material terms and denied the defendants' motion to compel arbitration. Id. Here, for similar reasons, the Court finds the competent evidence demonstrates that the parties' colloquy fell short of an agreement to arbitrate because they did not reach an agreement as to the material term of which Beis Din would arbitrate their dispute. Accordingly, Defendants' motion to compel arbitration is DENIED.

II. Defendants' Objections to Judge Locke's Order and the Motion to Expedite

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 72(a), a party has the option of objecting to a magistrate judge's order concerning any nondispositive pretrial matter. See FED. R. CIV. P. 72(a). The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. "Under this highly deferential standard of review, a district court may reverse the order only if

10

'on the entire evidence,' the district court is 'left with the definite and firm conviction that a mistake has been committed.'" Gray v. City of New York, No. 10-CV-3039, 2013 WL 3093345, at *2 (E.D.N.Y. June 18, 2013) (quoting Easley v. Cromartie, 532 U.S. 234, 242 (2001)). "[A] party seeking to overturn a discovery order bears a heavy burden." AP Links, LLC v. Global Golf, Inc., No. 08-CV-1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar. 14, 2011) (citation omitted).

B. Analysis

As a preliminary matter, the Court is considering Defendants' objections to Judge Locke's October 13, 2021 Order here to conserve judicial resources and due to the Court's inherent authority to manage its docket "with a view toward the efficient and expedient resolution of cases." See Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016). Therefore, the Court need not address the merits of Defendants' motion to expedite its decision on the objections and DENIES that motion as MOOT.

Notwithstanding, Defendants lodged objections to Judge Locke's Order denying the motion to stay discovery pending this Court's ruling on the motion to compel arbitration. Judge Locke determined that it was unlikely Defendants' motion to compel arbitration would be granted; therefore, he ordered that discovery must proceed. In light of the Court's decision to deny the motion to compel arbitration, Judge Locke's Order is neither clearly

11

erroneous nor contrary to law. See Kwik Ticket Inc. by Shamah v. Spiewak, No. 20-CV-1201, 2020 WL 5658723, at *2 (E.D.N.Y. Sept. 23, 2020) ("The mere existence of a motion to compel arbitration is an insufficient basis to stay discovery, much less the entire litigation."). Although the Court is sympathetic to Defendants' argument that they "seek to honor their own religious values" by proceeding before a Jewish tribunal (see Defs. Objs. at 8), the Court cannot enforce an arbitration agreement where one does not exist.

## CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED that** (1) Defendants' motion to compel arbitration (ECF No. 7) is DENIED; (2) Plaintiff's motion for leave to file a sur-reply to the motion to compel arbitration (ECF No. 20) is GRANTED in part; (3) Defendants' objections to Judge Locke's October 13, 2021 Order (ECF No. 17) are OVERRULED; and (4) Defendants' motion to expedite (ECF No. 19) is DENIED as moot.

SO ORDERED.

/s/_____
Joanna Seybert, U.S.D.J.

Dated: November 1, 2021
      Central Islip, New York