T. Bryce Jones, Esq.
Jones Law Firm, P.C.
1270 Avenue of the Americas, 7th Floor
New York, NY 10020
(212) 258-0685
bryce@joneslawnyc.com

November 3, 2021

The Honorable Steven I. Locke
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:     Motion for a Brief Extension to Serve the Initial Rule 26 Disclosure in *Siegel v. Milstein et al.*, No. 21 Civ. 04032 (E.D.N.Y.)

Judge Locke:

This firm represents Defendants in the above-captioned action. Defendants write to request an extension of three business days to serve their Rule 26 disclosures. The deadline for those disclosures is today, November 3rd, 2021 (ECF No. 14). Defendants do not seek modification of any other portion of the discovery schedule. Defendants seek to extend the deadline to Monday, November 8th, 2021.

The basis of this request is that Defendants intend to exercise their statutory right to appeal under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1-16. Defendants thus request the Court to extend the deadline to serve their Rule 26 disclosures so that the Second Circuit may consider Defendants' motion to stay the proceedings pending consideration of the appeal.

By way of background, Congress amended the FAA in 1988 to allow for an interlocutory appeal of decisions denying motions to compel arbitration. Congress passed this amendment because of the inadequate opportunity for parties to seek appellate review when motions to compel arbitration were denied by the lower court. *See* H.R. Rep. No. 100-889, at 22 (1988), *as reprinted* in 1988 U.S.C.C.A.N. 5982, 5983. In essence, the fact that the litigation proceeded after the District Court denied a motion to compel arbitration rendered moot any opportunity for meaningful appellate review of the denial of the motion.

Two days ago, the District Court (Hon. Joanna Seybert) denied the motion to compel arbitration (ECF No. 17). It is a decision that Defendants respectfully disagree with and intend to appeal. As a general rule, the "filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its

control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

However, the Second Circuit has held that the filing of an FAA interlocutory appeal does not divest the District Court of jurisdiction and does not automatically impose a stay pending the outcome of the appeal. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004) (finding an appeal of an order denying a motion to compel arbitration does not deprive a court of jurisdiction over other proceedings in the case).[1]

Thus, a party appealing a denial of a motion to compel arbitration must make a motion for a stay with the Second Circuit, which must then consider the motion and issue its decision. Granting a brief extension of the deadline of the initial Rule 26 disclosures will allow the Second Circuit to consider the motion for a stay pending appeal that Defendants are in the process of filing. If the motion is denied, the discovery schedule will proceed as it is currently scheduled (ECF No. 14).

Defendants can see no possible prejudice imposed upon Plaintiff if a brief extension of the deadline is granted by this Court, but the prejudice to Defendants is irreparable. Defendants have the right to appeal. Defendants contend that they had an agreement to have this dispute with Plaintiff resolved according to Jewish Law using *beis din*. Moreover, New York courts have held an agreement to proceed in *beis dein* is treated as an agreement to arbitrate. *See Matter of Spilman v. Spilman*, 273 A.D.2d 316 (2d Dept. 2000) ("The parties agreed to submit their controversy to a religious arbitration tribunal known as a Beth Din which adjudicates disputes according to Jewish law and custom.").

While the District Court held otherwise two days ago (ECF No. 17), Defendants submit that they should be allowed to exercise their right to appeal. If the Second Circuit decides a stay is not warranted, then the litigation will proceed forthwith. On the other hand, if the Second Circuit does issue a stay, it will be because the Second Circuit has held "the balance of the equities weighs heavily in favor of granting the stay." *LaRouche v. Kezer*, 20 F.3d 68, 72-73 (2d Cir. 1994) (internal quotation marks omitted).

---

[1] A majority of circuit courts have concluded the opposite and held that a stay of district court proceedings is required. *See Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264-66 (4th Cir. 2011); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160-62 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251-53 (11th Cir. 2004); *Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, No. 02-7125, 2002 WL 31818924 (D.C. Cir. 2002); *Bradford-Scott Data Corp. v. Physician Comput. Network*, 128 F.3d 504, 505-07 (7th Cir. 1997). The Fifth and Ninth Circuit agree with the Second Circuit. *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 909-10 (5th Cir. 2011); *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990).

Defendants thus request an extension of the deadline to serve their Rule 26 disclosures to Monday, November 8th, 2021, so that the Second Circuit may consider Defendants' motion to stay the proceedings pending consideration of the appeal.

                                                                                         Respectfully submitted,

                                                                                         /s/ Bryce Jones
                                                                                         Bryce Jones