KRAUSE & ASSOCIATES, P.C.
*Attorneys At Law*
45 Broadway – 27th Floor
New York, New York 10006
Tel: 212-269-7000
Fax: 212-269-7514

November 5, 2021

*Via ECF only*

Hon. Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 820
Central Islip, New York 11722

Re: *Siegel v Milstein et al*, Docket # 2:21-cv-04032-JS-SIL

Dear Hon. Judge Locke:

    We represent plaintiff Eliot Siegel, and are responding to defendants' application seeking a 3-day extension of time to serve their Rule 26 disclosures (ECF No. 23).

    Plaintiff does not object to the Court's granting defendants a 3-day extension if they require extra time. However, if the extension is sought to appeal the order of the Honorable Joanna Seybert, United States District Court Judge, that denied defendants' motion to compel arbitration (ECF No. 17), the application should be denied.

    Under the Federal Arbitration Act ("FAA"), defendants have no statutory right of appeal the Court's order that denied their motion to compel arbitration because the parties had no written agreement to arbitrate the disputes of this case. Presumably defendants are seeking to appeal the order under 9 U.S.C.§16(a)(1)(A) which provision provides that an appeal may be taken from "an order refusing a stay of any action under section 3 of this title." 9 U.S.C.§ 16(a)(1)(A). However, Section 3 only applies to arbitration "under an agreement in writing for such arbitration" which does not exist in this case. 9 U.S.C. § 3. Although defendants argued that a written agreement to arbitrate exists in this case, pointing to an arbitration agreement draft which they themselves refused to sign when requested, and which draft provided for arbitration before a particular beth din where defendants indisputably refused to appear, this argument is specious.

    Thus, plaintiff respectfully submits that the case should not unnecessary be delayed to allow a meritless interlocutory appeal.

Thank you for considering this letter.

              Respectfully,

              *Bryan Goldstein, Esq.*

              Bryan Goldstein, Esq.