UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ELLIOT SIEGEL,

                              Plaintiff,        Case No.: 2-21-cv-04032-JS-SIL

   -against-

                                     **AMENDED COMPLAINT**

YAAKOV MILSTEIN, AVROHOM Y.
SOROTZKIN, and J SYNERGY GREEN,
INC.,

                              Defendants.
--------------------------------------------------------X

Plaintiff ELLIOT SIEGEL, (hereinafter "Plaintiff") by his attorneys, Krause & Associates, as and for his Amended Complaint against defendants, YAAKOV MILSTEIN, AVROHOM Y. SOROTZKIN, and J SYNERGY GREEN, INC. (hereinafter collectively referred to as "Defendants") alleges and says as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking monetary damages for unpaid compensation due and owing to Plaintiff by Defendants, who hired Plaintiff, as a salesperson, to furnish certain sales services (hereinafter the "Sales Services"), in connection with solar products sales installation and spray foam insulation sales and installation in residential and commercial properties. Plaintiff asserts inter alia that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage; (ii) unpaid wages for overtime work for which Plaintiff did not receive premium overtime pay as required by the law; (iii) unpaid commissions; (iii) liquidated damages

pursuant to the FLSA, 29 U.S.C. §§ 201 et seq, because the Defendants' violations lack a good faith basis.

2. Plaintiff further complains that he is entitled to: (i) compensation for unpaid back wages; (ii) compensation for back wages for overtime work for which Plaintiff did not receive premium over time pay as required by New York State Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) liquidated damages for the New York State Labor Law violations; and (iv) statutory damages for Defendants' violation of the Wage Theft Prevention Act.

### THE PARTIES

3. Plaintiff is an adult individual, citizen of the United States of America, and a resident of the State of New York.

4. Defendant YAAKOV MILSTEIN (hereinafter "MILSTEIN") is an adult individual residing in the State of New York.

5. Defendant AVROHOM Y. SOROTZKIN (hereinafter "SOROTZKIN") is an adult individual in the State of New York.

6. Defendant J SYNERGY GREEN, INC. (hereinafter "JSG") is and was a domestic business corporation authorized to and doing business in the State of New York.

7. Defendants MILLSTEIN and SOROTZKIN own and operate JSG, with a principal place of business at 3670 Oceanside Rd West, Suite 10, Oceanside, NY 11572.

8. That at all times hereinafter mentioned, JSG performs environmental services and solar system installations for residential and commercial properties.

9. At all relevant times, JSG was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. Upon information and belief, at all relevant times, JSG has had gross revenues in excess of $500,000.00.

11. Upon information and belief, at all relevant times herein, JSG has used goods and materials produced in interstate commerce, and has employed at least two individuals who handle such goods and materials.

12. Upon information and belief, defendants MILLSTEIN and SOROTZKIN, as owners of JSG, had the power to hire and fire employees, set wages and schedules, and maintain their records.

13. Defendants MILLSTEIN and SOROTZKIN were involved in the day-to-day operations of JSG and played an active role in managing the business.

14. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S. Code § 1331 and § 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

# FACTS

17. At all relevant times herein, Defendants owned and operated a retail solar energy and insulation product sales and installation company in Oceanside, New York.

18. On or about June 24, 2019, Defendants entered into an oral employment agreement (the "Employment Agreement") with Plaintiff, pursuant to which Defendants hired Plaintiff, as a salesperson, to furnish Sales Services in connection with the sale of solar products sales and installation and spray foam insulation sales and installation in residential and commercial properties in the State of New York.

19. Plaintiff was employed as a salesperson by Defendants from June of 2019 through December of 2020.

20. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

21. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production/sale of goods for commerce, as defined in the FLSA and its implementing regulations.

22. During his employment by Defendants, Plaintiff worked a regular schedule of seven days per week, consisting of 10-hour shifts from Monday through Thursday, 5-hour shifts on Friday, 1-hour shifts on Saturday, and 2.5 hour-shifts on Sunday.

23. As a result, Plaintiff was working approximately 48.5 hours per week during his employment with Defendants.

24. Pursuant to the Employment Agreement, Defendants agreed to pay Plaintiff compensation in the amount of One Thousand Five Hundred ($1,500) Dollars for each customer

referred by Plaintiff to Defendants for the sale and installation of solar products in residential and commercial properties (hereinafter the "SOLAR WAGES").

25. Pursuant to the Employment Agreement, Defendants agreed to pay Plaintiff compensation in the amount of Two Hundred Fifty ($250) Dollars for each customer referred by Plaintiff to Defendants for the sale and installation of spray foam insulation in residential and commercial properties (hereinafter the "SPRAY FOAM WAGES").

26. Pursuant to the Employment Agreement, the SOLAR WAGES and SPRAY FOAM WAGES were payable to Plaintiff upon the completion of installation of the aforesaid solar products and spray foam insulation in commercial and residential properties.

27. Plaintiff produced many clients to the Defendants who entered into contracts with Defendants for the sales and installation of solar products (hereinafter the "SOLAR CLIENTS").

28. Defendants performed installation of solar products for the SOLAR CLIENTS.

29. Plaintiff produced clients to the Defendants who entered into contracts with Defendants for the sale and installation of spray foam insulation (hereinafter the "SPRAY FOAM CLIENTS").

30. Defendants performed installation of spray foam insulation products for the SPRAY FOAM CLIENTS.

31. Throughout the course of Plaintiff's employment by Defendants, Defendants expressed their happiness with the performance by Plaintiff.

32. Plaintiff properly performed the Sales Services.

33. Defendants have failed to pay Plaintiff any compensation/wages/commissions for the Sales Services, despite due demand.

34. Plaintiff's effective rate of pay was below the statutory New York City minimum wage in effect at relevant times.

35. Defendants' failure to pay Plaintiff an amount at least equal to the New York minimum wage in effect during the relevant time periods was willful, and lacked a good faith basis.

36. Plaintiff received no paystubs or wage statements of any sort.

37. In addition, Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

38. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

39. Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, inter alia, Defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

40. Defendants failed to provide Plaintiff with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

41. Upon information and belief, while Defendants employed Plaintiff, and through the relevant time periods, the Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

42. Upon information and belief, while Defendants employed Plaintiff, and through the relevant time periods, the Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**AS AND FOR A FIRST CAUSE OF ACTION**
**<u>AGAINST DEFENDANTS</u>**
[New York Labor Law-Failure to Pay Compensation]

43. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "42" above as if set forth in full herein.

44. Plaintiff acted as a sales representative for Defendants.

45. At all times relevant herein, Plaintiff performed all of his duties under the Employment Agreement.

46. Plaintiff, as a sales representative for Defendants, has yet to be paid compensation by Defendants for his booked sales of at least Twenty-Five Thousand ($25,000) Dollars.

47. Pursuant to the terms of their agreement, Defendants are obligated to pay Plaintiff the SOLAR WAGES for each customer referred by Plaintiff to Defendants for the sale and installation of solar products in residential and commercial properties.

48. Pursuant to the terms of their agreement, Defendants are obligated to pay Plaintiff SPRAY FOAM WAGES for each customer referred by Plaintiff to Defendants for the sale and installation of spray foam insulation in residential and commercial properties.

49. Accordingly, Plaintiff is entitled to at least Twenty-Five Thousand ($25,000) Dollars in unpaid compensation.

50. Defendants at no point have paid Plaintiff the compensation, despite demands for payment by Plaintiff.

51. Defendants' failure to pay Plaintiff's compensation is in violation of Article 6 of the New York Labor Law.

52. As a result of the foregoing, under the New York Labor Law, Defendants shall be liable to Plaintiff for double damages on Plaintiff's earned compensation and for Plaintiff's reasonable attorneys' fees, court costs and disbursements.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANTS**
[New York Labor Law-Failure to Pay Commissions]

53. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "52" above as if set forth in full herein.

54. Plaintiff acted as a sales representative for Defendants.

55. At all times relevant herein, Plaintiff performed all of his duties under the Employment Agreement.

56. Plaintiff's Sales Services provided Defendants with substantial sales.

57. Defendants are in violation of New York Labor Law as they have failed to pay commissions owed to Plaintiff in connection with Plaintiff's Sales Services.

58. Section 191-b of the New York Labor Law provides that "[a] sales representative during the course of the contract, shall be paid the earned commission and all other monies earned or payable in accordance with the agreed terms of the contract, but not later than five business days after the commission has become earned."

59. Section 191-c of the New York Labor Law provides that "[w]hen a contract between a principal and a sales representative is terminated, all earned commissions shall be paid within five business days after termination or within five business days after they become due in the case of earned commissions not due when the contract is terminated."

60. Section 191-c of the New York Labor Law also provides that "[a] principal who fails to comply with the provisions of this section concerning timely payment of all earned commissions shall be liable to the sales representative in a civil action for double damages. The prevailing party in any such action shall be entitled to an award of reasonable attorneys' fees, court costs, and disbursements."

61. Defendants have failed to pay all commissions owed as required by the New York Labor Law.

62. Pursuant to the New York Labor Law, Plaintiff is entitled to double damages, reasonable attorneys' fees, court costs, and disbursements.

63. As a result of the foregoing, Defendants are liable to Plaintiff for all commissions owed, together with double damages, reasonable attorneys' fees, court costs, and disbursements as provided by the New York Labor Law.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS
[New York Labor Law – Minimum Wage]

64. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "63" above as if set forth in full herein.

65. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66. Defendants willfully violated Plaintiff's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

67. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

68. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**AS AND FOR A FOURTH CAUSE OF ACTION**
**<u>AGAINST DEFENDANTS</u>**
[Fair Labor Standards Act - Overtime]

69. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "68" above as if set forth in full herein.

70. At all relevant times, defendants employed Plaintiff within the meaning of the Fair Labor Standards Act ("FLSA").

71. The FLSA provides for overtime compensation for employees pursuant to FLSA Section 207.

72. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees, including the Plaintiff, for hours they worked in excess of forty hours per workweek.

73. As a result of Defendants' willful failure to compensate their employees, including Plaintiff, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

74. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

75. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A FIFTH CAUSE OF ACTION**
**AGAINST DEFENDANTS**
[New York Labor Law - Overtime]

76. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "75" above as if set forth in full herein.

77. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

78. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

79. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

80. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANTS
[New York Labor Law – Wage Theft Prevention Act]

81. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "80" above as if set forth in full herein.

82. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

83. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when he was hired, or at anytime thereafter.

84. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

85. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from the Defendants statutory damages of $250 per day from 2019 through the end of his employment, up to the maximum statutory damages.

86. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs is entitled to recover from the Defendants statutory damages of $50 per day from 2019 to the termination of his employment, up to the maximum statutory damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANTS
[Breach of Contract]

87. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "86" above as if set forth in full herein.

88. Plaintiff and Defendants are parties to the Employment Agreement.

89. At all times relevant herein, Plaintiff performed all of his duties under the Employment Agreement.

90. Defendants improperly and wrongfully failed to pay Plaintiff's earned compensation due and owing under the Employment Agreement.

91. As a result of the foregoing, Defendants breached the employment Agreement and are liable to Plaintiff for the damages Plaintiff has suffered, in an amount to be demonstrated at trial.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**AGAINST DEFENDANTS**
[Breach of Duty of Good Faith and Fair Dealing]

92. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "91" above as if set forth in full herein.

93. Defendants secretly executed a scheme to misappropriate Plaintiff's earned compensation due and owing under the Employment Agreement, while purporting to act in accordance with the Employment Agreement.

94. Defendants conspired and pressured for Plaintiff to continue working for Defendants, while refusing to pay Plaintiff his duly earned compensation under the Employment Agreement.

95. Under New York law, a covenant of good faith and fair dealing in implied in all contracts.

96. Defendants breached the covenant of good faith and fair dealing by all of their aforementioned actions taken.

97. As a result of the foregoing, Defendants have caused damage to Plaintiff, including but not limited to the damages arising out of and relating to the damage done to Plaintiff, in an amount to be determined in this action.

98. By reason of the outrageous and egregious conduct of the Defendants, Plaintiff is entitled to an award of punitive damages in an amount as of yet to be determined.

**AS AND FOR A NINTH CAUSE OF ACTION**
[Unjust Enrichment]

99. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "98" above as if set forth in full herein.

100. Plaintiff acted as a sales representative for Defendants.

101. At all times relevant herein, Plaintiff performed all of his duties under the Employment Agreement.

102. Plaintiff's Sales Services provided Defendants with substantial sales.

103. At all times relevant herein, Plaintiff performed all of his duties under the Employment Agreement.

104. Plaintiff, as a sales representative for Defendants, has yet to be paid compensation by Defendants for his booked sales of at least Twenty-Five Thousand ($25,000) Dollars.

105. Pursuant to the terms of their agreement, Defendants are obligated to pay Plaintiff the SOLAR WAGES for each customer referred by Plaintiff to Defendants for the sale and installation of solar products in residential and commercial properties.

106. Pursuant to the terms of their agreement, Defendants are obligated to pay Plaintiff SPRAY FOAM WAGES for each customer referred by Plaintiff to Defendants for the sale and installation of spray foam insulation in residential and commercial properties.

107. Accordingly, Plaintiff is entitled to at least Twenty-Five Thousand ($25,000) Dollars in unpaid compensation.

108. Defendants at no point have paid Plaintiff the compensation, despite demands for payment by Plaintiff.

109. Defendants have been unjustly enriched by the Sales Services in the sum of at least Twenty-Five Thousand ($25,000) Dollars.

110. Accordingly, Plaintiff is entitled to a judgment against Defendants in the sum of at least Twenty-Five Thousand ($25,000) Dollars.

## AS AND FOR A TENTH CAUSE OF ACTION
[Quantum Meriut]

111. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "110" above as if set forth in full herein.

112. Plaintiff performed the Sales Services at the request of Defendants.

113. Defendants accepted the Sales Services.

114. Defendants, in consideration of Plaintiff's Sales Services, promised and agreed to compensate Plaintiff for the Sales Services.

115. Plaintiff properly performed the Sales Services.

116. The Sales Services had a reasonable value of at least Twenty-Five Thousand ($25,000) Dollars.

117. Accordingly, Plaintiff is entitled to a judgment against Defendants in the sum of at least Twenty-Five Thousand ($25,000) Dollars.

# AS AND FOR AN ELEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT YAAKOV MILSTEIN
[Alter Ego]

118. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "117" above as set forth in full herein.

119. Upon information and belief, MILSTEIN has been an owner, officer, principal and/or a person in control of JSG since the company began doing business.

120. Upon information and belief, MILSTEIN has, at all times, exercised complete control over JSG business and its daily operations.

121. Upon information and belief, MILSTEIN has treated JSG as a dummy corporation.

122. Upon information and belief, MILSTEIN has commingled funds of JSG with his own funds.

123. Upon information and belief, MILSTEIN failed to adequately capitalize JSG when it was incorporated or first began doing business.

124. Upon information and belief, JSG has failed to observe corporate formalities.

125. Accordingly, JSG should be deemed an agent, instrumentality or alter ego of MILSTEIN, the corporate veil between JSG and MILSTEIN should be pierced, and MILSTEIN should be held liable for the acts, omissions, liabilities, debts and judgments of JSG.

126. Therefore, MILSTEIN is liable to Plaintiff for all sums due and owing by JSG, in the sum of at least Twenty-Five Thousand ($25,000) Dollars, plus interest, costs and legal fees.

# AS AND FOR A TWELFTH CAUSE OF ACTION
# AGAINST DEFENDANT AVROHOM Y. SOROTZKIN
[Alter Ego]

127. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "126" above as set forth in full herein.

128. Upon information and belief, SOROTZKIN has been an owner, officer, principal and/or a person in control of JSG since the company began doing business.

129. Upon information and belief, SOROTZKIN has, at all times, exercised complete control over JSG business and its daily operations.

130. Upon information and belief, SOROTZKIN has treated JSG as a dummy corporation.

131. Upon information and belief, SOROTZKIN has commingled funds of JSG with his own funds.

132. Upon information and belief, SOROTZKIN failed to adequately capitalize JSG when it was incorporated or first began doing business.

133. Upon information and belief, JSG has failed to observe corporate formalities.

134. Accordingly, JSG should be deemed an agent, instrumentality or alter ego of SOROTZKIN, the corporate veil between JSG and SOROTZKIN should be pierced, and SOROTZKIN should be held liable for the acts, omissions, liabilities, debts and judgments of JSG.

135. Therefore, SOROTZKIN is liable to Plaintiff for all sums due and owing by JSG, in the sum of at least Twenty-Five Thousand ($25,000) Dollars, plus interest, costs and legal fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law together with double damages, reasonable attorneys' fees, court costs and disbursements;

d. A compensatory award of unpaid compensation/commissions, due under the New York Labor Law, together with double damages, reasonable attorneys' fees, court costs and disbursements;

e. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law together with double damages, reasonable attorneys' fees, court costs and disbursements;

f. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for Defendants' New York Labor Law violations together with reasonable attorneys' fees, court costs and disbursements;

h. Statutory damages for Defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and post-judgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees, court costs and disbursements; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, New York
February 2, 2022

KRAUSE & ASSOCIATES, P.C.
Attorneys for Plaintiff

By *Bryan Goldstein*
    Bryan Goldstein, Esq.
45 Broadway, 27th Floor
New York, NY 10006
Tel: (917) 658-3133
Email: leonidkrimsky@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ELLIOT SIEGEL,

                            Plaintiff,           Case No.: 2-21-cv-04032-JS-SIL

   -against-


YAAKOV MILSTEIN, AVROHOM Y.
SOROTZKIN, and J SYNERGY GREEN,
INC.,

                            Defendants.
--------------------------------------------------------X

## JURY DEMAND OF PLAINTIFF ELLIOT SIEGEL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Elliot Siegel hereby demands a trial by jury in the above-captioned action of all issues triable by jury.


Dated: New York, New York
         February 2, 2022

                                           KRAUSE & ASSOCIATES, P.C.
                                           Attorneys for Plaintiff


                                           By  *Bryan Goldstein*
                                               Bryan Goldstein, Esq.
                                          45 Broadway, 27th Floor
                                          New York, NY 10006
                                          Tel: (917) 658-3133
                                          Email: leonidkrimsky@gmail.com