KRAUSE & ASSOCIATES, P.C.
*Attorneys At Law*
45 Broadway – 27th Floor
New York, New York 10006
Tel: 212-269-7000
Fax: 212-269-7514

March 20, 2022

*Via ECF only*

Honorable Joanna Seybert
United States District Judge
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

      Re: *Siegel v Milstein et al, Docket # 2:21-cv-04032-JS-SIL*

Dear Judge Seybert:

      We represent plaintiff Elliot Siegel ("Plaintiff") in the above-referenced matter. Pursuant to Rule III.B. of this Court's Individual Rules and Practices, Plaintiff respectfully requests a pre-motion conference regarding his intention to file a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, all counterclaims asserted in defendants' Amended Answer dated March 1, 2022.

      Defendants' Amended Answer contains four counterclaims against Plaintiff: (i) Misappropriation and Unfair Competition, (ii) Tortious Interference with Contract, (iii) Tortious Interference with Prospective Economic Advantage, and (iv) Unjust Enrichment.

      In a nutshell, defendants allege that defendant J Synergy employed Plaintiff as an "outside salesperson" and provided him with a list of their existing and potential clients and that Plaintiff, while still working for J Synergy, started a competing business and has "contacted clients on the client list obtained from J Synergy thereby establishing business relationships using trade secrets obtained from J Synergy." Of note, defendants do not allege that Plaintiff was contractually bound not to compete with defendants or that he was contractually bound to keep any information learned from J Synergy confidential. Defendants also do not allege that they were kept in the dark that Plaintiff started a competing business while still working for them.

      It is respectfully submitted that each one of these counterclaims fail because these baseless allegations, even accepted as true solely for the purpose of this motion, fail to adequately plead claims upon which relief can be granted.

To survive a motion to dismiss under Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Importantly, the plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* And where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (brackets omitted).

The Misappropriation and Unfair Competition Claim fails because the allegations that a former employee has made use of his or her former employer's customer list to compete with the ex-employer or that an employee has started a competing business while still working for the employer, even if proved, would not necessarily give rise to liability. In New York, a client list is not in and of itself a trade secret and thus its use by a former employee would generally not give rise to liability under a Misappropriation and Unfair Competition claim. "In the absence of express agreement to that effect between the parties or a demonstration that a customer list has several attributes of a trade secret, courts without more should not enjoin an ex-employee from engaging in fair and open competition with his former employer. The limiting effects upon the former employee with respect to his ability to earn a living are marked and obvious." *Leo Silfen, Inc. v. Cream*, 29 N.Y.2d 387, 395 (1972). Thus, the pleaded cause of action lacks facial plausibility because the fact of Plaintiff's use of a client list to compete with defendants by itself, even if true, is not actionable.

Even under the more liberal rules of pleading applicable in New York courts, New York courts would still likely dismiss defendants' Misappropriation and Unfair Competition claim as pleaded because the pleading did not sufficiently allege why the customer list represented a trade secret. *Tri-Star Lighting Corp. v. Goldstein*, 151 A.D.3d 1102, 1106 (2dDep't 2017) ("Although the plaintiff described its customer lists, prices, and profit margins as 'distinctive,' the complaint contains no allegations that the plaintiff employed measures to keep its customer lists and pricing information confidential, or that this information was not generally known outside of its business, so as to actually render its customer information a trade secret.").

Also, the fact that Plaintiff has started competing with defendants while still in their employ is in and of itself is not actionable. "An employee may create a competing business prior to leaving his employer without breaching any fiduciary duty unless he makes improper use of the employer's time, facilities or proprietary secrets in doing so." *Schneider Leasing Plus v. Stallone*, 172 A.D.2d 739, 741 (2dDep't 1991). Here, defendants make no allegation that Plaintiff has made improper use of their time, facilities, or that defendants' customer list represented a trade secret. Thus, this allegation even if true will not support the cause of action.

Defendants' cause of action for Tortious Interference with Contract fails because defendants failed to plead a sufficient factual content to support it. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Defendants' vague and

conclusory averments are utterly insufficient. Of note, even under the more liberal rules of pleading applicable in New York court, the pleaded cause of action would likely fail as well. *Influx Capital, LLC v. Pershin*, 186 A.D.3d 1622, 1624 (2dDep't2020) (The complaint should have been dismissed because it "failed to identify all of the relevant contracts with third parties, failed to allege facts describing how those contracts were breached by the third parties and how the defendants allegedly induced those breaches, and failed to sufficiently allege that the contracts would not have been breached but for the defendants' conduct.")

Defendants' cause of action for Tortious Interference with Prospective Economic Advantage fails as well. Just like the cause of action for Tortious Interference with Contract, this cause of action likewise merely contains vague and conclusory averments and more importantly, it fails to include the allegation that Plaintiff's conduct "was motivated solely by malice or intended to inflict injury by unlawful means." *Tri-Star Lighting Corp. v. Goldstein*, 151 A.D.3d 1102, 1106-1107 (2dDep't2017)(the complaint should have been dismissed because it "did not allege that the defendants were motivated by malice or otherwise intended to inflict injury upon the plaintiff by unlawful means. Actions intended to solicit business, which are motivated by economic self-interest, cannot be characterized as malicious.").

The cause of action for Unjust Enrichment is deficient as well. "The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered."*Alan B. Greenfield, M.D., P.C. v. Long Beach Imaging Holdings*, 114 A.D.3d 888, 889 (2d Dep't 2014) Here the cause of action contains no facts giving notice of the circumstances making it unjust for Plaintiff to retain benefits. Of note, defendants do not allege the existence of noncompetition and confidentiality agreements between the parties.

Thank you for considering this request.

Respectfully submitted,

*Bryan Goldstein*
Bryan Goldstein

CC: Defendants' counsel via ECF