March 28, 2022

**Jones**
Law Firm P.C

<u>*via CM/ECF*</u>

Honorable Joanna Seybert
United States District Judge
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

    Re:    Response to Motion for Pre-Motion Conference in *Siegel v. Milstein et al.*, No. 21 Civ. 04032 (JS) (SIL)

Judge Seybert,

This firm represents Defendants in the above-captioned action and hereby responds to Plaintiff's request for a pre-motion conference regarding an intended motion to dismiss the counterclaims asserted in Defendants' Answer to Plaintiff's Amended Complaint.

To obviate the motion practice, Defendants request leave to file an amended answer addressing any flaws that Plaintiff has perceived in Defendants' Counterclaims within two weeks—*i.e.*, by or before Monday, April 11, 2022. As the Second Circuit has explained, "district courts should not deny leave [to amend] unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000). Permitting amended counterclaims at this stage of the litigation has the benefit of assuring that the Court's limited resources are not expended.

With that said, Defendants are nonetheless confident that the Court would deny Plaintiff's motion to dismiss the counterclaims. According to Plaintiff's own complaint, "Plaintiff was employed as a salesperson by Defendants from June of 2019 through December of 2020." Am. Compl. ¶19 (ECF No. 28). ¶19. Plaintiff is currently "Co-Founder and head of operations for Emes Solar Inc." https://emessolar.com/work/about/ (last checked March 28, 2022). Plaintiff's co-founder is Marc Schmerler. *Id.* The Emes Solar website states "In 2017, [Marc Schmerler] established a solar division within a green company which ultimately led to him creating Emes Solar with [Plaintiff] Elliot [Siegel]." *Id.*

According to the New York Secretary of State, Emes Solar Inc. was formed on August 18, 2020. (Available at https://apps.dos.ny.gov/publicInquiry/).

In other words, four (4) months before Plaintiff stopped working for Defendants (in December 2020), Plaintiff and his co-founder formed a competing company, Emes Solar. It is hardly surprising then that there are allegations of malfeasance, given that Plaintiff was working with Defendants while creating a new, competing company. Defendants' Amended Answer contains four counterclaims against Plaintiff: (1) Misappropriation, (2) Tortious Interference with Contract, (3) Tortious Interference with Prospective Economic Advantage, and (4) Unjust Enrichment.

Among other things, Plaintiff states that he intends to move to dismiss because "Defendants also do not allege that they were kept in the dark that Plaintiff started a competing business while still working for them." ECF No. 32 at 1 (Plaintiff's letter requesting pre-motion conference). Defendants' position is that this argument is absurd. Of course, Defendants were kept in the dark that Mr. Siegel was starting a competing company while working for them (and had access to internal databases and lists) and they can easily add those allegations.

Turning to the specific claims, Plaintiff asserts that the "Misappropriation and Unfair Competition Claim fails because the allegations that a former employee has made use of his or her former employer's customer list to compete with the ex-employer . . . would not necessarily give rise to liability." *Id.* at 2. Plaintiff ignores the fact that "where a company's customers are not readily ascertainable, but must be cultivated with great effort and secured through the expenditure of considerable time and money, the names of those customers are protectable trade secrets." *Tactica International, Inc. v. Atlantic Horizon International, Inc.*, 154 F. Supp. 2d 586, 606 (S.D.N.Y. 2001); *see also Integrated Cash Management Services, Inc. v. Digital Transactions, Inc.*, 920 F.2d 171, 174 (2d Cir. 1990). It is plausible, to say the least, that the customer lists at issue here were cultivated through such effort and, thus, Plaintiff's motion to dismiss would have no merit. Plaintiff can add additional allegations to put this issue to rest completely.

Plaintiff seeks to move to dismiss the claim of tortious interference with existing contracts because "even under the more liberal rules of pleading applicable in New York court, the pleaded cause of action would likely fail as well." ECF No. 32 at 2. Plaintiff does not cite any authority for its declaration that New Yorks court have more liberal pleading than the

federal courts, nor is any such determination relevant to whether the allegations in this case give rise to a plausible claim that Plaintiff intentionally procured Defendants' customers to breach their contracts when he solicited them while working for Defendants. Nonetheless, Defendants can add allegations and details about the types of customers that Plaintiff solicited if it helps avoid needless briefing.

Plaintiff misstates the legal standard for tortious inference with prospective clients. "To state a cause of action for tortious interference with prospective business advantage, it must be alleged that the conduct by defendant that allegedly interfered with plaintiff's prospects either was undertaken for the sole purpose of harming plaintiff, **_or that such conduct was wrongful or improper independent of the interference allegedly caused thereby_**." *Alexander & Alexander of N.Y. v. Fritzen*, 68 N.Y.2d 968, 969 (1986) (emphasis added). Plaintiff fails to acknowledge the part emphasized above, and instead takes out of context a quote from a lower court case (*Tri-Star Lighting Corp. v. Goldstein*, 151 A.D.3d 1102, 1106-1107 (2d Dep't 2017). It is certainly plausible at this stage that Plaintiff's conduct was wrongful or improper independent of the interference as it involved the use of proprietary information from the company that Plaintiff was working for when starting a new company.

Plaintiff's argument as to why the unjust enrichment claim should be dismissed is Plaintiff's weakest argument. Plaintiff asserts that: "Here the cause of action contains no facts giving notice of the circumstances making it unjust for Plaintiff to retain benefits." ECF No. 32 at 3. It is plausible—to say the least—that it is unjust for Plaintiff to retain the benefits of having insider information about a company, including customer lists and internal information, when it is alleged Plaintiff used this information to start a new company at the same time.

From Defendants' point of view, Plaintiff's request for a conference appears to be predicated on a knee-jerk motion to dismiss. To put to rest any doubt and to avoid a round of briefing that uses up the parties' and court's limited resources, Defendants' request leave to amend.

Regards,

T. Bryce Jones, Esq.
Jones Law Firm, P.C.

1270 6th Avenue, 7th Floor
New York, NY 10020
(212) 258-0685
bryce@joneslawnyc.com