**KRAUSE & ASSOCIATES, P.C.**
*Attorneys At Law*
277 Broadway, Suite 400
New York, New York 10007
Tel: 212-269-7000
Fax: 212-269-7514

May 4, 2022

Honorable Joanna Seybert
United States District Judge
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

   Re: *Siegel v Milstein et al, Docket # 2:21-cv-04032-JS-SIL*

Dear Hon. Judge Seybert:

  We represent plaintiff Elliot Siegel ("Plaintiff"). Pursuant to Rule III.B. of this Court's Individual Rules and Practices and the Court Order of March 29, 2022, Plaintiff respectfully renews his request for a pre-motion conference regarding his intention to file a motion to dismiss per Rule 12(b)(6) of FRCP all counterclaims asserted in defendants' Amended Answer of April 15, 2022.

  Defendants' Amended Answer of April 15, 2022, contains six counterclaims against Plaintiff: (1) Misappropriation and Unfair Competition Claim; (2) Conversion of Trade Secrets; (3) Interference with defendants' Contracts with Existing Clients; (4) Interference with defendants' contract with its employee who had a non-compete agreement with defendants; (5) Interference with Prospective Economic Advantage, and; (6) Plaintiff's Unjust enrichment with respect to the above.

  Essentially all of defendants' claims rest on the following allegations. Defendant J Synergy, a seller of solar energy products, employed Plaintiff as an "outside salesman." It provided him with specialized training allowing him to gain knowledge of its structure, operations, and procedures. It also gave him access to a client list of the current and potential clients. Yet, even before he left defendants' employ, Plaintiff began competing with defendants. Four months before he left defendants' employ, while using defendants' facilities and the time which he allegedly had to devote to his work for defendant, he formed a competing company with another employee of defendants and has since been contacting individuals on the client list he obtained from defendants.

  It is respectfully submitted that each one of defendants' counterclaims is deficient because the above allegations, even accepted as true solely for the purpose of this motion, fail to adequately plead claims upon which relief can be granted.

  Defendants' Misappropriation and Unfair Competition Claim cannot be based on the fact of Plaintiff competing with defendants by using the-obtained-from-defendants knowledge of the

1

solar energy business or defendants' internal business operations because there was no agreement prohibiting Plaintiff from doing so. Since defendants do not allege the existence of any non-compete or confidentiality agreement entered between them and Plaintiff, Plaintiff's use of his knowledge and training to compete with defendants is not wrongful. *Reed, Roberts Associates v. Strauman*, 40 N.Y.2d 303, 307 (1976) ("Therefore, no restrictions should fetter an employee's right to apply to his own best advantage the skills and knowledge acquired by the overall experience of his previous employment. This includes those techniques which are but 'skillful variations of general processes known to the particular trade'") (internal citations omitted). See also *Leo Silfen, Inc. v. Cream*, 29 N.Y.2d 387, 395 (1972) ( "In the absence of express agreement to that effect between the parties ... courts without more should not enjoin an ex-employee from engaging in fair and open competition with his former employer. The limiting effects upon the former employee with respect to his ability to earn a living are marked and obvious.").

Likewise, defendants' allegation that Plaintiff used defendants' confidential customer lists cannot support their Misappropriation and Unfair Competition Claim because defendants failed to plausibly allege that Plaintiff has in fact used the lists. Defendants' vague and conclusory averments are utterly insufficient. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). See also *Cotiviti, Inc. v. Deagle*, 501 F.Supp. 3d 243, 260 (S.D.N.Y. 2020) ("Cotiviti provides no factual support for its allegations that the Defendants solicited its clients. Cotiviti only makes bare assertions that its clients were solicited, or business was diverted away from,…, without identifying any specific client that was solicited, who solicited the client, or when such solicitation occurred. The Court will not permit Cotiviti to "start with a generic complaint [as to the solicitation claims], then use an invasive discovery process to find and articulate specific claims.") (internal citations omitted). Here, defendants failed to offer any facts to indicate that Plaintiff has ever used their customer list to compete with defendants. Suspicion alone is not a good faith basis to allege claims.

In addition, defendants' Misappropriation and Unfair Competition Claim cannot be based on the mere allegation that Plaintiff has started competing with defendants while still in their employ. "An employee may create a competing business prior to leaving his employer without breaching any fiduciary duty unless he makes improper use of the employer's time, facilities or proprietary secrets in doing so." *Schneider Leasing Plus v. Stallone*, 172 A.D.2d 739, 741 (2d Dep't 1991). Defendants now make a conclusory allegation that Plaintiff has made improper use of their time which he allegedly had to devote to defendants' projects. But given the undisputed fact that Plaintiff was employed as an "outside salesman" whose pay was commission-based and who is not alleged to have any contract obligating him to devote a certain amount of time to defendants, the allegation without further explanation of how Plaintiff has allegedly misused defendants' times and facilities, rings hollow and is thus not plausible.

Defendants' Conversion of Trade Secrets Claim, based on Plaintiff's alleged misuse of Defendants' consumer list, also fails because as mentioned above, defendants failed to plausibly allege that Plaintiff has in fact has used defendants' list in an unauthorized fashion to compete with defendants. Additionally, the claim fails because defendants do not allege that Plaintiff's misuse

2

of the customer list has deprived them from accessing it or otherwise using it. *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F.Supp.2d 489, 536 (S.D.N.Y. 2011) (Plaintiffs' conversion claim with respect to the business documents, including the client list, fails as a matter of law because limit or otherwise deprive Pure Power of possession or use of that list. While Belliard did assume or exercise control over Pure Power's client list to the extent that he accessed the client list from a Pure Power computer and downloaded it onto a thumb drive, Belliard possessed only a copy of the client list and did not, in any way, limit or otherwise deprive Pure Power of possession or use of that list.)

Defendants' Claims of Tortious Interference with their contracts with existing customers and their employee fail because the allegations are wholly conclusory lacking any factual detail and are thus not plausible. *Ferrandino & Son v Wheaton Builders*, LLC, 82 AD3d 1035, 1036 (2d Dep't, 2011) ("Although on a motion to dismiss the allegations in a complaint should be construed liberally, to avoid dismissal of a tortious interference with contract claim, a plaintiff must support his claim with more than mere speculation.") (internal citations omitted). Additionally, Defendant failed to sufficiently allege the causation as they failed to make a specific allegation "that the contract would not have been breached but for the defendant's conduct." *Id.* See also *Influx Capital, LLC v. Pershin*, 186 A.D.3d 1622, 1624 (2d Dep't 2020) (The complaint should have been dismissed because it "failed to identify all of the relevant contracts with third parties, failed to allege facts describing how those contracts were breached by the third parties and how the defendants allegedly induced those breaches, and failed to sufficiently allege that the contracts would not have been breached but for the defendants' conduct.")

Defendants' claim for Tortious Interference with Prospective Economic Advantage fails because this claim too merely contains vague and conclusory averments and additionally, it fails to include the required averment that Plaintiff's conduct "was motivated solely by malice or intended to inflict injury by unlawful means." *Tri-Star Lighting Corp. v. Goldstein*, 151 A.D.3d 1102, 1106-1107 (2d Dep't 2017) (the complaint should have been dismissed because it "did not allege that the defendants were motivated by malice or otherwise intended to inflict injury upon the plaintiff by unlawful means. Actions intended to solicit business, which are motivated by economic self-interest, cannot be characterized as malicious.").

The cause of action for Unjust Enrichment is deficient as well. "The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Alan B. Greenfield, M.D., P.C. v. Long Beach Imaging Holdings*, 114 A.D.3d 888, 889 (2d Dep't 2014). Here the cause of action contains no averment giving notice of the circumstances making it unjust for Plaintiff to retain benefits. Of note, defendants do not allege the existence of noncompetition and confidentiality agreements between the parties.

Thank you for considering this request.

Respectfully,
Bryan Goldstein