KRAUSE & ASSOCIATES, P.C.
*Attorneys At Law*
45 Broadway – 27th Floor
New York, New York 10006
Tel: 212-269-7000
Fax: 212-269-7514


June 20, 2023

June 18, 2023


**Via ECF**

Hon. Lee G. Dunst
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

***Re: Siegel v Milstein et al.***
**Case No. 2-21-cv-43032-JS-LGD**

Dear Magistrate Judge Dunst:

We represent the plaintiff Elliot Siegel ("Plaintiff") in this action in the above-captioned matter and submit this letter to the Court with the approval of the defendants Yaakov Milstein, Avrohom Y. Sorotzkin, and J Synergy Green, Inc. ("Defendants") for the Court's assessment and approval of the settlement agreement reached by the parties (the "Settlement Agreement"), a copy of which is attached herewith as Exhibit "A".

The Settlement Agreement fully resolves all of Plaintiffs' claims, and it is respectfully submitted that the Court should approve the Settlement Agreement and dismiss the claims of Plaintiff with prejudice because the settlement is a fair resolution of such claims, negotiated in an arm's length negotiation between experienced counsel, following discovery and mediation.

Background

In this action, Plaintiff alleged that he was employed by Defendants as a salesperson to find customers for the Defendants' services of solar panel installation and spray foam insulation from about June 2019 until about September 2020. As per the parties' oral agreement, it was agreed that Plaintiff would procure individuals willing to enter into an agreement with Defendants for the solar panel installation services, and upon the procured individuals entering the agreement with

the Defendants, Plaintiff would be paid the sum of $1,500.  If Plaintiff were to procure customers for the foam insulation services, Plaintiff would be paid $250.

Plaintiffs commenced this action in the Nassau County Supreme Court on June 11, 2021, alleging, *inter alia*, a cause of action under the Fair Labor Standards Act ("FLSA"). Defendants removed the case to this Court and filed an Answer on July 23, 2021.

In the complaint, Plaintiff alleged that Defendants failed to pay him agreed upon commissions in the sum of about $25,000.

Defendants denied all of the substantive allegations made in the Complaint and asserted counterclaims against Plaintiff alleging that he wronged the Defendants by misusing their trade secrets after Plaintiff left the Defendants' employ.
Under the parties' agreement, the Settlement Agreement shall not be interpreted as an admission of liability of any kind by Defendants or by Plaintiff.

Settlement Agreement

The parties engaged in extensive negotiations and document exchange, which included extensive motion practice in this Court as well as an appeal to United States Court of Appeals, Second Circuit. The motion practice and the appeal focused on Defendants' maintaining that they had a right to arbitrate the present dispute before a rabbinical court ("beth din"). With consent of Plaintiff, Defendants withdraw their appeal. On December 19, 2022, Plaintiff made a motion per FRCP 12(b)(6) to dismiss Defendants' counterclaims. (Docket Document 57). Presently, the motion is under consideration before the Honorable Joanna Seybert.

As indicated in the Settlement Agreement submitted herewith, the parties have agreed to settle all of Plaintiff's claims against Defendants and all of Defendants' counterclaims with Defendants paying to Plaintiff the sum of $18,100, which is inclusive of legal fees and costs.  These settlement funds will be paid by Defendants in a lump sum payment within seven days of the Court's approval of the settlement and of Defendants' receipt of the fully executed closing documents executed by Plaintiff.

Plaintiff agrees to dismiss all of his claims against Defendants with prejudice and release Defendants from any liability for such claims. The sum of settlement represents a full amount of commissions owed to Plaintiff by Defendants which was somewhat lower than what Plaintiff originally thought before the Defendants provided documentation to Plaintiff. While the final settlement amount of Plaintiff's FLSA claims does not include the penalties and attorney's fees, we believe this to be a fair resolution of this matter in light of Defendants' counterclaims. *Notably, it is a Plaintiff's own preference and wish to have this case resolved at this time. It is Plaintiff who directed the undersigned to settle this case on the above terms.*

FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and

expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.) Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, the parties suggest that they weigh strongly in favor of settlement approval.

This settlement will enable the settling parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany same. Because the parties engaged in document exchange and extensive discussion and negotiation between counsel, they had sufficient information to assess those risks as to the merits of the claim, as well as the risk that Plaintiff might not recover any damages if this lawsuit continued through discovery and trial.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.*, 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for Plaintiffs are experienced attorneys, and counsel exchanged multiple demands and offers of settlement with Defendant before settling on the terms of this proposed settlement. Counsel for Defendants is also an experienced litigation attorney. Moreover, prior to entering into the settlement agreement, Plaintiffs thoroughly considered the risks and benefits of continuing the litigation. *Again, it was Plaintiff's wish to have this case resolved at once on these terms.*

<u>Attorneys' Fees</u>

3

Pursuant to counsel's retainer agreement with Plaintiff, we will retain $6,033.33, which is 1/3 of the FLSA settlement (i.e., a total of $18,100.00) as attorneys' fees.

In total, Plaintiff's counsel expended 35 hours in representation of Plaintiffs, including hours related to the preparation of the settlement agreement and this letter. I have practiced law since 2000, have been admitted in the state of New York since 2000. I am admitted to practice in the Southern and Eastern Districts of New York. My regular hourly rate for matters such as these is $300. I believe these hourly rates to be commensurate with other practitioners with a similar amount of experience in my locality who represent clients in matters such as this.

Attached as Exhibit B is a record of all time spent and fees incurred by Plaintiffs' counsel on this matter.

We have a standard retainer agreement with Plaintiff that allows us 1/3 of any possible recovery in this case. Based on our firm's experience in handling FLSA matters, the provision of 1/3 of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit. *See, e.g.*, *Cortes v. New Creators, Inc.*, 2016 WL 3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with `contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co*., 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc*., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 2012 U.S. Dist. LEXIS 144446, at *21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

Release and Confidentiality

Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Settlement Agreement does not contain a broad, general release of Plaintiff's claims, and there is no restrictive confidentiality provision prohibiting Plaintiff from making truthful statements regarding this litigation.

Conclusion

For all of the reasons set forth above, the parties respectfully request that the Court approve the Settlement Agreement attached hereto and enter the stipulation of dismissal filed herewith. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter, or if the Court requires any additional information or documentation.

Respectfully submitted,

4

/s/ *Bryan Goldstein*
Bryan Goldstein, Esq.

*Attorneys for Plaintiffs*

Cc: Elliot J. Blumenthal, Esq
Law Offices of Elliot J.
Blumenthal, PLLC
483 Chestnut Street
Cedarhurst, New York 11516
*Attorney for Defendant*

5